# Casey et al. *v.* Boyer, Appellant.

*Negligence—Automobile—Bicycle—Rule of the road.*

In an action to recover damages for injuries to a boy sixteen years old sustained by a collision between plaintiff's bicycle and defendant's automobile, a verdict and judgment for plaintiff will be sustained, where the evidence, though contradicted, is sufficient to support a finding that defendant was driving on the wrong side of the road at the rate of twenty miles an hour, and, while plaintiff was proceeding, on his bicycle, in the opposite direction, on the proper side where there was ample space for him to pass between the automobile and a trolley car, but not enough between the automobile and the curb, defendant suddenly swerved, turning his automobile toward the bicycle, striking its rear wheel, throwing plaintiff under the car and injuring him.

Argued March 22, 1921. Appeals, Nos. 294 and 295, Jan. T., 1921, by defendant, from judgment of C. P. No. 1, Phila. Co., June T., 1919, No. 755, on verdict for plaintiffs, in case of Martin Casey, Jr., by his father Martin Casey, and Martin Casey, v. Robert Boyer. Before MOSCHZISKER, C. J., WALLING, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for personal injuries. Before SHOEMAKER, J. The opinion of the Supreme Court states the facts.

Verdict for Martin Casey, Jr., for $7,000, and for Martin Casey for $2,000. Judgments were remitted to $5,000 and $1,000 respectively. Defendant appealed.

*Error assigned,* inter alia, was refusal of judgment for defendant n. o. v., quoting the record.

*Robert P. Schick,* for appellant.

*John R. K. Scott,* with him *William T. Connor,* for appellees.

PER CURIAM, April 18, 1921:

Martin Casey, Jr., a boy about sixteen years of age, hereinafter called the plaintiff, was injured on February 10, 1919; he and his father, Martin Casey, sued defendant, alleging the latter's negligence caused the injuries in question; they recovered verdicts on which judgments were entered, and defendant has appealed.

Defendant was driving an automobile to the north, on the left-hand, or west, side of 22d Street, Philadelphia, at the rate of about twenty miles an hour; plaintiff, mounted on a bicycle, came eastward on a cross street, turned into 22d Street, rang his bell and advanced, at the rate of about five miles an hour, to the south, along the same side of the street occupied by defendant, it being the right-hand side of the highway so far as plaintiff was concerned; plaintiff saw defendant at least 200 feet away, but assumed the latter would cross over to the east side of the street; defendant, instead of so crossing, proceeded in his course; there is a street-car line on 22d Street, with 19 feet of space between it and the west curb, and 9 feet 8 inches between it and the east curb of the highway, the tracks themselves being of the usual width; a trolley car, going slowly southward, was abreast of plaintiff's bicycle when defendant advanced upon him; plaintiff attempted to pass between the car and the automobile, a fair inference from the testimony being that he did not consider there was enough room on the right of the automobile, between it and the west curb (in fact, plaintiff at least once practically so stated); plaintiff testified there was ample space for him to go between the automobile and the car; but, despite the fact that he, plaintiff, continued on a straight line, defendant suddenly swerved, turning his automobile toward the bicycle, and struck the rear wheel of the latter, throwing plaintiff under the car.

A city ordinance was introduced, that vehicles shall adhere to the ordinary rule of keeping to the right, and the jury were correctly instructed as to the effect of this ordinance—that it expressed the municipal view concerning the proper conduct of drivers on the street under ordinary circumstances. Defendant attempted, however, to introduce evidence that it was customary to drive to the left on 22d Street at the point in question; but these offers were properly refused.

The issues involved were for the jury; we see no error upon the record.

The assignments are overruled and the judgments are affirmed.