## Taylor v. Bland, Appellant.

*Trials—Evidence—Photographs—Admissibility.*

The question of the admissibility of photographs of the locus of an accident are largely a matter for the discretion of the trial judge. Where the photographs have been offered in evidence, and the circumstances of their taking explained to the jury, it is not material that the weather conditions were different from those existing at the time of the accident, especially where the pictures were only offered for the purpose of giving an idea of the general location of the lines of fence, roads and poles.

*Negligence — Automobiles — Collision between automobile and motorcycle—Case for jury.*

In an action for trespass to recover damages for personal injuries, the result of a collision with an automobile, the case is for the jury, where the issue is whether or not the conduct of the

defendant in turning abruptly to the left when entering upon a traveled state highway, was the cause of the accident.

Argued October 26, 1921. Appeal, No. 199, Oct. T., 1921, by defendant, from judgment of C. P. Blair Co., March T., 1921, No. 416, on verdict for plaintiff in the case of George Taylor v. Beatrice Bland. Before OR-LADY, P. J., PORTER, HENDERSON, HEAD, TREXLER KELLER and LINN, JJ. Affirmed.

Trespass to recover damages for injuries to person and automobile. Before BELL, P. J., 46th Judicial District, specially presiding.

The facts are stated in the opinion of the court below refusing a motion for a new trial.

Various formal reasons are urged in support of the motion which do not require any special consideration, if the additional reasons filed are not sustained.

The first and fourth reasons are based upon the measure of damages to the motorcycle of the plaintiff. It appeared from the evidence that the motorcycle was considerably damaged, the front fenders and mudguards, the front axle and handlebars being affected, so that it was necessary to get a fender, mudguard, handlebars and front axle and front tire innertube were also broken through. The only conclusion from the evidence as a whole is that the motorcycle was totally disabled in the condition which it was left immediately after the accident and commercially had no present usable value.

In such case the cost of repairs necessary to put it in its original condition is a proper measure of damages, being plainly less than the value of the machine immediately before the accident, and while the evidence in this case is not as definite as it might well have been on this subject we think it was sufficient to go to the jury and for the jury to say whether or not upon all the evidence of damages to the motorcycle was of the amount of $35, for which a recovery was had, and as the evidence

on the subject was utterly without contradiction we do not think the finding should be disturbed.

The second reason is that the court erred in admitting in evidence the photographs offered, that at the time they were taken the ground was covered with snow and consequently the pictures did not show the edge of the traveled highway. The photographs were offered for the purpose of showing only the fence line, state road and telephone pole location and there was abundant evidence in the case as to the measurements of the roads, the location of the concrete strip and the other matters which entered into the ability to pass successfully at the time of the accident, and we cannot see that the introduction of the photographs prejudiced the defendant. Certainly they were competent for the purpose offered unless something about them actually had a tendency to mislead the jury and this would not appear to have been reasonably probable. The issue in the case was purely one of fact and was determined accordingly as the jury believed the plaintiff or the defendant and her witnesses, and we fail to see how photographs could have prejudiced the defendant, an opinion which is confirmed by an inspection of the pictures themselves.

The third reason involves a matter of much consequence. The court said: "The issue in this case resolves itself into one of fact. According to the testimony, Miss Bland, in coming out of the lane and making this turn, came out along the left. That is to say, that in coming out of the lane she turned to the left, and did not according to the testimony of Taylor, keep to the right and make her turn to the right of the centre of the state highway outside the lane. Now that is undisputed. In doing so she did not follow the provisions of the law for motor vehicles and if, by reason of her failure so to do, she caused the accident, she would be liable; provided it occurred without any negligence of the plaintiff also causing and contributing thereto." The court applied the rule of law applicable to highways to the acts of the

defendant and said, that as she came out of the inter-. secting road upon the left and turned to the left instead of proceeding across the highway and keeping to the right of the intersecting point she would be liable, providing her so doing caused the accident, unless the plaintiff was guilty of contributory negligence.   So that, practically, the court held, upon the evidence, that under the evidence the defendant did that which, if the accident resulted therefrom, was negligence on her part.   At the time the attention of the court was not called to any question upon this being a correct statement of the testimony and in this respect the case was presented as the court understood the evidence of the witnesses to have been, but it is not earnestly urged for the defendant that this was a misconception.   If the evidence does not in fact sustain this part of the charge, it was undoubtedly injurious error and the defendant should have relief therefrom.   Upon this question the evidence of the plaintiff is: "Q.  As she came up the lane did she continue on up the state road in the same line as the lane runs or did she turn to her left?   A.  She came right along the fence, one wheel was off the cement on that side.   Q.  Had she gone up in a straight line with the lane to the intersection of the state road and passed to the right of the intersection before turning to her left, would you have had time to have passed her in the rear?   A.  Yes sir.   Q.  As the matter stood and faced you there, was impossible to get to the rear to avoid an accident?   A.  Yes."   The defendant testified in chief: "Could you have turned any shorter in that road without hitting him?   A.  No sir. Q.  But as you came out you were on the left or the right? A.  Why, on the left side.   Q.  (By the Court.)   Had your car passed the line of that pole (that mail box) you were on the state highway, not to it or partially apast?   A.  Just passed it.   Q.  Now, as you made that turn you passed it, then was your car just opposite as you passed or had you gone a little beyond?   A.  Well, I was apast the telephone pole.   Q.  (By the Court.)   Con-

sidering the state highway, had your car gotten apast the line opposite this pole when your car stopped? A. I think it was in the line of the pole. Q. As you came up the lane there is a fork there where the lane intersects the state road, one leading to the left and one to the right? A. Yes sir. Q. You came on the left-hand fork? A. Yes. Q. You didn't go up to the center and then turn to the right? (Question withdrawn.)" The other evidence for the defendant was to the effect that a peg was placed where the right front wheel of defendant's car stood after the accident, which was just off the concrete on the right-hand side as she was traveling and we cannot find anything in this evidence which would reasonably lead to any conclusion other than that the understanding of the court at the time of trial was correct. The testimony of the defendant's witnesses as to the marks on the road are in harmony with this conclusion.

The real dispute concerned the point at which the collision took place. The defendant and her witnesses testified that she had made the turn and was on her own side of the road going toward Altoona when her car was struck by the motorcycle, which they alleged turned across the road from its own right side and ran into the automobile, while plaintiff claimed that the accident occurred on the other side of the road while he was near the right-hand margin of the concrete upon which issue of fact the jury found in favor of the plaintiff. If the jury accepted the version of the defendant and her witnesses as to the place of the collision, then her turning as she did did not cause the accident, and all of this was submitted to the jury, who were distinctly told that the case hinged upon their decision on this question. We do not see that a new trial could result in anything more than granting the defendant the privilege of having a second jury pass upon a question that has been once considered and decided.

Now, June 16, 1921, motion for a new trial is overruled and judgment directed to be entered on the verdict upon

payment of the jury fee.   Exceptions noted and bill sealed to defendant.

*Errors assigned,* among others, were in overruling defendant's objection to the admission in evidence of certain photographs and refusal of defendant's motion for a new trial.

*John Woodcock,* and with him *W. I. Woodcock,* for appellant.

*B. F. Warfel,* for appellee.

OPINION BY HENDERSON, J., November 21, 1921:

Two assignments of error were relied on at the argument.   It was contended that the trial judge erred in permitting photographs of the locality at which the accident occurred to be introduced as evidence.   They were taken some time after the accident, when the ground was covered with snow.   They exhibited, however, the location of the road along which the plaintiff was traveling, with respect to that on which the defendant was driving when coming from her home on to the highway.   The fence, the telegraph poles, and the general topography remained as they were at the time of the collision.   While it may be true that the snow covered the cement surface of the public highway, the width of the road, the width of the cemented part of it, and the distance from the edge of the cement to the telegraph pole, and from that to the fence were all given in exact measurements.   The plaintiff's evidence discloses his position with reference to the side of the road and the telegraph post; and the defendant gave her account of the position of the parties and the manner in which the collision occurred.   As the photographs were only admitted to give "Some better idea of the general location of the lines of fence, road, and poles," it cannot be held that they were not competent for this purpose.   The changes

in the condition of the locality were brought to the attention of the jury, and there is no persuasive reason for concluding that they were misled by the use of the photographs. They would aid the jury in understanding the testimony of witnesses, and would throw light on the contentions of the respective parties as to where the responsibility rested for the injury complained of. Their admissibility was largely subject to the discretion of the trial judge.

The appellant's second contention is, that a new trial should be granted. We are not convinced that the court erred in this respect. The opinion disposing of the motion for a new trial contains a discussion of the evidence which supports the result arrived at. There was a question of fact to be disposed of by the jury. If the defendant did not approach the road in the manner alleged by the plaintiff, she was not responsible for the latter's injury. If, on the other hand, the jury under all the evidence, accepted the account of the occurrence as stated by the plaintiff, the verdict was appropriately rendered. Exception was taken to the admission of evidence as to the cost of repairs to the plaintiff's machine, and this is made the subject of the first assignment. It was stated by the learned counsel for the appellant at the argument however, that a reversal was not desired on this assignment alone. As we have disposed of the other assignments adversely to the appellant, it is unnecessary to consider the question raised with reference to the proper measure of damages. The assignments are overruled and the judgment affirmed.