# Uhler *v.* Jones, Appellant.

*Negligence—Contributory negligence—Automobiles—Street intersections—Cars not approaching at same time—Motor Vehicle Act —Act of June 30, 1919, P. L. 678.*

The Motor Vehicle Act of June 30, 1919, P. L. 678, provides that where two vehicles approach the intersection of two public highways at the same time, the vehicle approaching from the right shall have the right of way.

One arriving at the intersection a substantial distance in advance of another car is entitled to proceed.

In an action for damages, arising from a right-angle automobile collision, between two automobiles at a road intersection, it appeared that the plaintiff approached the crossing with his car well under control.  When his car had traveled half the intersection, the defendant's car suddenly loomed up on his right only fifty feet away from the crossing and, traveling at high speed, collided with the plaintiff's automobile before he could pass.

Under such circumstances, the court could not rule that the two cars were approaching the crossing at the same time, within the meaning of section 25 of the Motor Vehicle Act, and the question of plaintiff's contributory negligence was for the jury.

Having entered upon the intersection without negligence on his part, the plaintiff cannot be convicted of contributory negligence, as a matter of law, because in a moment of sudden peril, caused by the defendant's negligence, he did not calculate the distance yet to be traversed in connection with his own rate of travel and the speed of the approaching peril, and accurately balance that against his likelihood of escape by stopping in the middle of a narrow road in the path of the oncoming danger.

Gosling v. Gross, 66 Pa. Superior Ct. 304, distinguished.

314        UHLER v. JONES, Appellant.

Statement of Facts—Opinion of the Court. [78 Pa. Superior Ct.

Argued December 5, 1921.   Appeal, No. 47, Oct. T., 1921, by defendant, from judgment of C. P. Montgomery Co., Sept. T., 1919, No. 21, on verdict for the plaintiff in the case of Joseph N. Uhler v. Frank S. Jones.  Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ.  Affirmed.

Trespass to recover damages to automobile.  Before MILLER, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $369.51 and judgment thereon. Defendant appealed.

*Error assigned,* among others, was refusal of defendant's motion for judgment non obstante veredicto.

*Aaron S. Swartz, Jr.,* and with him *John M. Dettra, Samuel H. High* and *Montgomery Evans,* for appellants. —Under the conceded facts the two cars were approaching the intersection at the same time and the plaintiff was guilty of contributory negligence: Weber v. Greenebaum, 270 Pa. 382; Nugent v. Philadelphia Traction Company, 181 Pa. 160; Wolf v. Philadelphia Rapid Transit Company, 252 Pa. 448; Gosling v. Gross, 66 Pa. Superior Ct. 304; Aiken v. Pennsylvania R. R. Co., 130 Pa. 380; Gray v. Fox, 69 Pa. Superior Ct. 218.

*Charles Townsley Larzelere,* and with him *Franklin L. Wright and Nicholas H. Larzelere,* for appellee.

OPINION BY KELLER, J., March 3, 1922:

The accident out of which this action arose occurred at the intersection of Swedesboro Road and Crooked Lane.  The evidence produced by the plaintiff showed conclusively the negligence of defendant's driver.  The defendant does not deny his own negligence but seeks to set aside the verdict and judgment on the ground of

plaintiff's contributory negligence in proceeding across said intersection in alleged violation of section 25 of the Motor Vehicle Act of 1919 (June 30, 1919, P. L. 678), which provides that where two vehicles approach the intersection of two public highways at the same time, the vehicle approaching from the right shall have the right of way. The trial judge submitted the questions of the defendant's negligence and the plaintiff's contributory negligence to the jury in a charge that was clear and adequate and the verdict for the plaintiff resolved all disputed questions of fact in his favor. In considering this appeal, therefore, in which the only errors assigned are to the refusal of the court below to give binding instructions for the defendant and to enter judgment non obstante veredicto in his favor, "the testimony should not only be read in the light most advantageous to plaintiff, all conflicts therein being resolved in his favor, but he must be given the benefit of every fact and inference of fact, pertaining to the issues involved, which may reasonably be deduced from the evidence": Mountain v. American Window Glass Co., 263 Pa. 181, p. 183.

Keeping this rule in mind we find that the plaintiff was traveling westward on Swedesboro Road with his car well under control. When about eighty-five feet from the intersection with Crooked Lane he began sounding his Klaxon horn and continued to do so until he reached the intersection and also slackened his speed so that he was not traveling in excess of ten miles an hour. His view to the right on Crooked Lane was interfered with by a high bank and a tree, but as the front of his car reached Crooked Lane, from his seat, which was about five feet back, he could see forty-five feet down the slope to his right and saw or heard nothing of an approaching car. He therefore proceeded at slackened speed and after glancing to his left and then immediately to his right again, as was entirely proper, when the front of his car was four feet from the center of Crooked

Lane he saw defendant's large touring car fifty feet north of Swedesboro Road coming straight for him at the rate of thirty-five miles an hour with the driver apparently paying no attention to what was in front of him. Crooked Lane is only twenty feet wide between gutters, the remaining nine feet being taken up with gutters and banks. At the time plaintiff first saw defendant's car the front of his car was four feet from the center of the Lane and therefore only fourteen feet from the west side of the traveled roadway of Crooked Lane. Plaintiff testified that he could have stopped his car then in five or six feet but if he had done so he would have occupied all of the roadway but seven or eight feet and would have been right in the path of the defendant's approaching car and would have been sure to have been hit. In this sudden peril, occasioned by defendant's negligence, he had to act at once, for at ten miles an hour his own car was traveling about fourteen feet a second, and he concluded his only course of safety was to increase his speed and go on and travel the remaining fourteen feet of the roadway before defendant arrived at the crossing; and he probably would have escaped in safety had defendant's driver been watching and slackened his speed or turned slightly to the left, but instead of doing so, on suddenly realizing the presence of the car in front of him he tried to escape by turning to the right into Swedesboro Road and in doing so side-swiped plaintiff's car with great force when on Swedesboro Road and about seven feet off Crooked Lane.

The defendant contends that as he was only fifty feet away when plaintiff first saw him the court below was bound to rule as a matter of law that the vehicles were approaching the intersection at the same time and there was therefore an "affirmative duty" upon the plaintiff to keep out of the defendant's way: Weber v. Greenebaum, 270 Pa. 382; but he overlooks the fact that when plaintiff first saw defendant and the latter was fifty feet from the crossing, he, the plaintiff, was not ap-

proaching the crossing but was nearly half way across the intersecting road. Traveling at the same rate of speed the defendant was probably one hundred feet away from the Swedesboro Road when plaintiff approached its intersection with Crooked Lane, and the court properly left it to the jury to determine as a question of fact whether the two cars were approaching the intersection at the same time within the meaning and contemplation of the law. The case of Weber v. Greenebaum, supra, so strongly relied upon by appellant does not rule this case in his favor. In that case the defendant's car was on Twenty-first Street one hundred and thirty-five feet from its intersection with Callowhill Street, when plaintiff's car was on Callowhill Street, five feet south of the crossing with Twenty-first Street, but the plaintiff was traveling only four miles an hour and the two cars actually collided before plaintiff's car had cleared the north crossing. As in this case the appellant there contended that the act of assembly imposed on plaintiff the duty of waiting until defendant's car had passed, as the collision showed they were approaching at the same time, but the court below, in language approved by the Supreme Court and incorporated into its opinion, said that the Act of June 30, 1919, P. L. 678, 695, must be given a reasonable and practical application; that it was still the law that one arriving at the intersection a substantial distance in advance of another, was entitled to proceed, irrespective of the right or left rule. "The trial judge did not misconstrue the statute when he said specifically, 'The act means that, when two vehicles are approaching in the sense that they both are in the process of coming near to an intersection so that they [will] reach it about the same time, the one approaching from the left must wait until the one approaching from the right has had an opportunity to pass the intersection in safety so far as the movements of the left one are concerned. It is [still] the law [however] that when one vehicle [actually] reaches an intersection

of streets ['substantially in advance of one approaching from the right'], it has the right of way over the other vehicle coming toward the intersection, but not yet arrived, and this without reference to right or left approach.' ".......It must be assumed that the framers of the statute and the legislature used the word 'approach' in a practical sense; so for two vehicles to 'approach' an intersection 'at the same time,' they each, when about to arrive, must be approximately a like distance away from the given point, or this situation must exist at least to such an extent that one, using reasonable judgment, might anticipate their simultaneous arrival, otherwise they would not, in the words of the act 'approach the intersection.......at the same time.' Thus the words of the act and consideration of the conditions sought to be remedied justify the construction which we give to the statute." pp. 384-5.

The plaintiff in this case entered upon the crossing of this intersection of public roads without any negligence or lack of care on his part. When his car had traveled almost half of the intersecting road the defendant's car suddenly loomed up only fifty feet away from the crossing, but at that time the plaintiff was not approaching the intersection, he was already on it and he had good ground for believing that to stop his car then would inevitably result in a collision and that his only way of escape was to proceed. When plaintiff was approaching the intersection and five or ten feet distant therefrom, defendant, at the rate of speed he was traveling, was probably ninety or a hundred feet away from the intersection, but could not be seen owing to the bank and tree obstructing the vision. The jury would have been justified in finding that the plaintiff approached the crossing "substantially in advance" of the defendant approaching from the right. Having entered upon the crossing of this intersection without negligence on his part, the plaintiff cannot be convicted of contributory negligence as a matter of law because in a moment of sudden peril

caused by defendant's negligence he did not with lightning-like rapidity calculate the distance yet to be traversed, in connection with his own rate of travel and the speed of the approaching peril, and accurately balance that against his likelihood of escape by stopping in the middle of a narrow road right in the path of the oncoming danger. As the court below, in its opinion refusing judgment non obstante veredicto, said: "While it is easy for others now coolly to sit down and say that he might have done this or he should have done that, his conduct is to be judged as of the time and under all the circumstances surrounding the accident."

The case is distinguished from Gosling v. Gross, 66 Pa. Superior Ct. 304, in that in that case it was the plaintiff's own negligence in failing to have his car under control which placed him in the position of sudden peril from which he endeavored to escape by going ahead.

The judgment is affirmed.