## Snyder et al. *v.* Klink, Appellant.

*Negligence—Automobiles—Bicycle — Contributory negligence— Case for jury.*

In an action to recover for injuries to a boy in a collision at a crossing, between defendant's automobile and a bicycle on which the boy was riding, the question of defendant's negligence, and the boy's contributory negligence was left to the jury, and a judgment on a verdict for plaintiff sustained.

Argued February 6, 1922. Appeal, No. 48, Jan. T., 1922, by defendant, from judgment of C. P. Delaware Co., March T., 1920, No. 966, on verdict for plaintiff, in case of Arnold M. Snyder, a minor, by his father and next friend, Louis Snyder, and the said Louis Snyder, in his own right, v. Paul D. Klink. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for personal injuries. Before HAUSE, J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict and judgment for Arnold M. Snyder for $2,-300, and for Louis Snyder for $714.70. Defendant appealed.

*Error assigned,* inter alia, was refusal of defendant's motion for judgment n. o. v., quoting record.

*John A. Poulson,* for appellant.

*James L. Rankin,* of *Geary & Rankin,* for appellees.

PER CURIAM, March 6, 1922:

The judgment in this case is affirmed on the following excerpts from the opinion of the court below: "On April 16, 1920, Arnold M. Snyder, twelve years of age, was injured by an automobile truck operated by defendant. The jury found the accident happened as a result of defendant's negligence and that the boy was free from contributory negligence. On the afternoon of the day named, the boy was riding his bicycle north on Jeffrey Street toward Second Street, in the City of Chester, ......Defendant was coming east on Second Street with his truck; the truck and bicycle came together at the intersection of the two streets. From the testimony submitted, the jury was fully justified in concluding that defendant's truck was moving at 15 miles per hour in high gear; that he gave no signal as he approached Jeffrey Street; that he did not reduce his speed; and that, when the collision occurred, the wheels of his truck swerved to the right toward the boy and struck him. The jury was likewise justified in concluding that, as the boy approached Jeffrey Street, he looked toward the left and was not able to see the truck until it was practically on him, because of the presence of some trees. ......The questions presented were clearly for the jury, and there was sufficient testimony to sustain the finding [in plaintiff's favor]."

The only appeal before us is from the judgment in favor of the minor plaintiff, although his father likewise sued, in his own right, and recovered a judgment; had there been an appeal from the latter, however, the result would have been the same, so far as that judgment is concerned.

Judgment affirmed.