# Kuneck v. Conti, Appellant.

*Negligence—Automobile—Motorcycle—Collision at intersecting street—Right of way—Left hand turn—Contributory negligence— Case for jury—Act of June 30, 1919, P. L. 678.*

1. In an action by the driver of a motorcycle against the driver of an automobile for injuries sustained by a collision at an intersecting street, the question of plaintiff's contributory negligence is for the jury, where it is conceded that defendant was negligent, and the evidence shows plaintiff, having the right of way, was advancing by order of the traffic officer at a moderate speed, that, after he had practically completed the entire crossing, he was hit on the side by the automobile which suddenly swerved, without signal, to make a left hand turn onto another drive before reaching the centre of the intersecting street, and that the distance was so close plaintiff could not protect himself.

2. Where the driver of an automobile approaches an intersection of two streets and wishes to make a left hand turn from one street

into the other, he must make his turn beyond the centre point of the intersection of the two streets.

Argued April 18, 1923. Appeal, No. 306, Jan. T., 1923, by defendant, from judgment of C. P. No. 2, Phila. Co., June T., 1922, No. 2628, on verdict for plaintiff, in case of Peter Kuneck v. John Conti. Before MOSCHZISKER, C. J., WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for personal injuries. Before STERN, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $5,000. Defendant appealed.

*Error assigned,* inter alia, was refusal of judgment n. o. v. for defendant, quoting record.

*Thomas E. Comber, Jr.,* for appellant, cited: Cunningham v. P. R. T., 240 Pa. 194; Jerdon v. P. R. T., 260 Pa. 275; Winter v. Ry., 61 Pa. Superior Ct. 440; Walker v. P. R. T., 274 Pa. 121; Harvey v. P. R. T., 255 Pa. 220; Mehler v. Doyle, 271 Pa. 492.

*Victor Frey,* with him *Augustus T. Ashton,* for appellee, cited: Gillespie v. Shafer, 69 Pa. Superior Ct. 389, in which Harvey v. P. R. T., 255 Pa. 220, is distinguished. In Mehler v. Doyle, 271 Pa. 492, the turning was not abrupt.

OPINION BY MR. JUSTICE SADLER, May 7, 1923:

Ridge Avenue, in the City of Philadelphia, running approximately north and south, and having a clearance of 34 feet between curbs, intersects the Wissahickon Drive, which is 100 feet in width. In the center of the latter an officer is stationed, who regulates the congested traffic. At the time of the collision which gave rise to this suit, east- and west-bound vehicles had been stopped by

proper signal, and those desiring to proceed at right angles were ordered to move. Kuneck, the plaintiff, started on his motorcycle from the south on Ridge Avenue, keeping to the right, and his car, when it had practically completed the crossing of Wissahickon Drive, was struck on the left side by the automobile of defendant, which, coming from the north, suddenly swerved to his left to enter the drive before reaching its center, plaintiff being hit 15 feet from the curb-line which he was approaching, more than 85 feet of the intersecting street having been safely traversed. Damages were claimed for the injury sustained; a trial resulted in a verdict, and from the judgment entered this appeal is taken.

Admittedly, the defendant was guilty of negligence, since he attempted the crossing at the same time as the motorcycle, which, under the circumstances, had the right of way (Act June 30, 1919, P. L. 678), and Conti was under obligation to make his left-hand turn to the east beyond the center point of intersection of the two streets: Weber v. Greenebaum, 270 Pa. 382; Uhler v. Jones, 78 Pa. Superior Ct. 313. It was his further duty to give some signal, to indicate his purpose: Geiger v. Garrett, 270 Pa. 192. One approaching from the opposite direction would naturally expect the driver to proceed in the same line, unless apprised of an intention to turn at a right angle.

Appellant frankly concedes the correctness of the rules suggested, but insists the facts here disclosed show plaintiff would not have been injured had he been duly vigilant in avoiding the negligently driven car, and argues that the facts so plainly indicate contributory negligence on his part as to make necessary a declaration of this as a matter of law. The court below was asked to give binding instructions to this effect, but refused to do so, or to subsequently enter judgment n. o. v. It is the correctness of its rulings which we are called on to consider. In passing upon the contention raised, it is to be remembered that we must accept as true all of the testi-

mony, and inferences deducible therefrom, favorable to the plaintiff (Geiger v. Garrett, supra), and reject all unfavorable, based on parol testimony: Donovan v. P. R. T. Co., 273 Pa. 152.

Viewing the record in this light, it is clear plaintiff had the right of way, was advancing by order of the traffic officer at a moderate speed, and, after having practically completed the entire crossing, was hit on the side by a car which "suddenly" swerved, without signal, before reaching the center of the intersecting street. Kuneck had reason to believe defendant intended to continue in the direction he was moving, and that no turn was to be made. When this did occur, the distance was so close —nineteen feet—as to make it impossible for him to protect himself. The evidence does not permit the assumption that he ran into the oncoming motor, and took no care to avoid the accident. The facts here shown do not present a situation which would justify a court in declaring contributory negligence, as a matter of law, as in Lessig v. Reading Transit & Light Co., 270 Pa. 299; Hill v. P. R. T. Co., 271 Pa. 232; Horen v. Davis, 274 Pa. 244, or Mehler v. Doyle, 271 Pa. 492, relied upon by appellant, in which latter case both parties had turned at right angles into another street before the collision occurred. It was for the jury to say whether Kuneck used due care under the circumstances: Snyder v. Klink, 273 Pa. 234; Casey v. Boyer, 270 Pa. 492; Gillespie v. Shafer, 69 Pa. Superior Ct. 389; Taylor v. Bland, 77 Pa. Superior Ct. 551. The question was fairly submitted and the learned court below committed no error in refusing to interfere with the determination reached: Harmer v. American Railway Ex. Co., 269 Pa. 271; Piper v. Adams Ex. Co., 270 Pa. 54.

The judgment is affirmed.