## Kastle v. Balthaser.

*Negligence — Automobiles — Collision of two cars — Intersection of highways—Road entering but not crossing another—Centre line—Act of June 30, 1919.*

The junction of two public highways, where one ends in, but does not cross the other, is an intersection of them, within the meaning of the Act of June 30, 1919, par. 5, § 25, P. L. 678, and the driver of an automobile must pass to the right of the intersection of their centre lines before turning to the left.

Motions for new trial.  C. P. Montgomery Co., Feb. T., 1922, Nos. 16 and 121.

*Henry M. Brownback,* for Kastle.

*Evans, High, Dettra & Swartz,* for Balthaser.

MILLER, J.—A collision between the automobiles of the parties resulted in injury to both cars.  Each owner sued the other for damages and the cases were tried together.  The verdicts were for defendant in Kastle *v.* Balthaser and for plaintiff in Balthaser *v.* Kastle, and Mr. Kastle has moved for a new trial in both cases.

Schwenksville Road enters the Ridge Turnpike, or Penn Highway, from the north almost at right angles and ends in and does not cross it.  Mr. Kastle was driving his car in an easterly direction on the Penn Highway and Mr. Balthaser was doing the same with his, but in an opposite direction.  Each was on his right-hand side of the road.

As Mr. Kastle approached Schwenksville Road, he bore to his left for the purpose of entering it for a short distance and then backing out, intending to turn around and return whence he came.  As he thus traveled diagonally and crossed the path of Mr. Balthaser's car, the two automobiles collided in the northerly portion of the bed of the turnpike directly opposite Schwenksville Road.

The only feature of the trial of which Mr. Kastle now complains is that the trial judge instructed the jury that the junction of these two roads constitutes an intersection of public highways within the meaning of the Motor Vehicle Act of June 30, 1919, P. L. 678, thereby imposing upon him the statutory duty of passing to the right of the intersection of their centre lines before turning to the left—a thing which, admittedly, he had failed to do.  At no time before the collision had any portion of his car, except possibly the right front wheel, crossed the extended centre line of Schwenksville Road.  The question involved is, of course, not what may be an intersection, as a matter of fact or in popular understanding, but what is such of public highways, under a proper con-

struction and within the meaning of the Act of 1919. It is with the latter phase of it only that we have presently to deal.

This question has already been given some, but most casual, consideration in our own case of Cox v. Wells et al., 37 Montg. Co. Law Repr. 64, and received careful thought in the more recent case of Shainline v. Stefko, 37 Montg. Co. Law Repr. 299. There, one road ended in but did not cross the other, and it was held, for the reasons which need not be repeated here, set forth at length in the opinion refusing a new trial, that such a condition constituted an intersection of public highways under the Motor Vehicle Act.

A few days after the latter case was decided, the Superior Court handed down its opinion in Taylor v. Bland, 77 Pa. Superior Ct. 551, which not only sustains this construction, but apparently goes somewhat farther. In that case, in which there was a recovery by plaintiff, the defendant had driven her automobile out a private lane and turned to her left into the public highway without passing to the right of the point formed by the intersection of the extended middle line of the lane and that of the public highway. The trial judge charged the jury: "In doing so she did not follow the provisions of the law for motor-vehicles, and if by reason of her failure so to do she caused the accident, she would be liable, provided it occurred without any negligence of the plaintiff also causing and contributing thereto."

In its opinion refusing a new trial the lower court afterwards said: "The court applied the rule of law applicable to highways to the acts of the defendant and said that as she came out of the intersecting road upon the left and turned to the left instead of proceeding across the highway and keeping to the right of the intersecting point, she would be liable, providing her so doing caused the accident, unless the plaintiff was guilty of contributory negligence." The judgment was affirmed, but it is to be observed that the distinction between a private lane and a public highway, as defined by the Act of 1919, seems to have passed unnoticed by both the lower and the appellate court.

The case of Springfield Road, 73 Pa. 127, while not in point, and, therefore, not decisive of the question now before us, is, nevertheless, in harmony with our conclusion. It is authority for the principle that, under the road laws, the point of intersection of two roads, as laid out and marked on the ground by the viewers, is not the place where the middle line of one crosses the side line of the other, but is the point where their middle or centre lines intersect. In that case one of the roads ended in and did not cross the other.

The Act of 1919 clearly indicates, in both its title and text, that it was intended by the legislature to be a general and comprehensive law "relating to and regulating the use and operation of motor-vehicles" in Pennsylvania. It, with its Amendment of 1921, now constitutes the last expression by that body on the subject. Many prior acts had been passed and subsequent experience had suggested their improvement. So far as we can see, every safeguard that could be thought of was intended to be provided—every contingency that could arise in the use of the public highways by such vehicles has been anticipated. If the construction of the fifth paragraph of the 25th section for which counsel for Mr. Kastle now contends should be allowed to prevail, then, strange to say and as pointed out in Shainline v. Stefko, 37 Montg. Co. Law Repr. 299, the act lays down no rules that apply particularly to the frequent use by motor-vehicles of the junction of two highways, where one ends in and does not cross the other.

Notwithstanding the ever-present danger of such use, the act is absolutely silent on the subject. We cannot adopt such a narrow construction of the

law—one which would permit a driver to cut corners to his left against the course of travel—and for the reasons set forth herein and in Shainline v. Stefko, 37 Montg. Co. Law Repr. 299, again hold that the junction of two public highways, where one ends in but does not cross the other, is an intersection of them within the meaning of the fifth paragraph of the 25th section of the Motor Vehicle Act. See, generally, Huddy on Automobiles (6th ed.), §§ 27 and 259, and Berry on Automobiles (3rd ed.), § 276.

And now, Dec. 21, 1922, both motions are overruled, the reasons are dismissed, a new trial is refused, and the prothonotary is ordered to enter judgments on the verdicts upon payment of the verdict fees.