# W. R. Stebbins and R. C. Kolb, Trading under Firm Name of Stebbins & Kolb *v.* Mrs. Ben Doane, Appellant.

*Negligence —Automobiles —Collision—Avoidance of collision— Subsequent injuries—Proximate cause.*

In an action of trespass to recover damages for ·injuries to an automobile, it appeared that the plaintiff and the defendant, while driving in two automobiles, approached the street intersection at the same time, and that a collision was narrowly avoided. While endeavoring to discover the number of the defendant's car, plaintiff drove his machine into a telephone pole with the resultant damages.

Under such circumstances, judgment should have been entered in favor of defendant. The failure of the plaintiff to retain control of his car was the cause of the accident, and not the negligence of the defendant.

The rule that one placed in sudden danger by the negligence of another is not liable for an error of judgment in his efforts to escape from such peril applies only to an error of judgment with respect to the steps taken to escape the danger thus suddenly thrust upon him.

*Appeals—Assignments of error—Failure to enter nonsuit.*

A refusal to enter a nonsuit is not assignable as error on appeal.

Argued November 20, 1924. Appeal, No. 76, Oct. T., 1924, by defendant, from judgment of C. P. Bradford Co., May T., 1922, No. 68, on verdict for plaintiff in the case of W. R. Stebbins and R. C. Kolb, trading under firm name of Stebbins & Kolb v. Mrs. Ben Doane. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Trespass to recover damages for injuries to automobile. Before MAXWELL, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict in favor of plaintiffs in the sum of $309.63 and judgment thereon. Defendant appealed.

*Error assigned* was the charge of the court, answers to points, and refusal to grant a nonsuit.

*R. A. Mercur,* for appellant.

*William M. Rosenfield,* for appellees.

OPINION BY KELLER, February 27, 1925:

Plaintiffs issued a foreign attachment in trespass against defendant to recover for injury done their automobile through the negligence of defendant's agent. The facts are unusual. Bradford Street is a much traveled highway in South Waverly, running east and west. Spalding Street leads into it from the north, but does not cross it; it ends at Bradford Street. On February 18, 1922, about one o'clock p. m. Mr. Stebbins, one of the plaintiffs, was driving an automobile eastward on Bradford Street at a speed of from fifteen to twenty miles an hour. It was an open car, but the side curtains were fastened on both sides. When his automobile was just beyond the point where Bradford Street is joined by Spalding Street, Stebbins saw that a motor car, which had come down Spalding Street and turned eastward into Bradford Street, was almost upon him—about a foot and a half away. This car,—which proved to be defendant's—was then approaching Stebbins' car at an angle of about forty-five degrees and was so directed that if the latter either stopped or continued straight ahead he would be hit. He accordingly turned his car sharply to the right, and at the same time defendant's driver turned her car to the left and passed on down the street, and a collision was avoided. Bradford Street at this point is macadamized for a width of 18 feet. To the south of the macadam is dirt and grass road, then a small gutter, then a concrete sidewalk and then bordering it on the south, a line of telephone poles which are 18 feet distant from the macadam part of the road. Before turning to the left, as above mentioned, defendant's

car had gotten beyond the center of the macadam and the right wheels were four feet south of the center line. This left at least four feet of the macadam portion of the road open to plaintiff, plus the earth and grass part of the road. After escaping the collision by a sharp turn to the right, Stebbins directed his attention to discovering the license number of defendant's car, and his own car ran diagonally across the dirt and grass road, the gutter and concrete sidewalk and into a telephone pole, where it was considerably damaged. His testimony on this point was unequivocal: "Q. (On cross-examination) And while you were running into this telephone pole then you noticed this license number? A. Yes sir, I did. ......Q. (On re-direct examination) Did you attempt to avoid this telephone pole after you had turned to the right? A. No, I did not. Q. Why didn't you? A. In the first place I was getting this license number; and the second was, there was quite a ditch there—[the ditch or slope was still further south and beyond the telephone pole]—and I figured it was better to hit that pole than to run the risk of tipping over and killing somebody. ......Q. (On re-cross examination) Well, you say as you were passing this [Doane] car you were engaged then in getting the license number instead of avoiding the telephone pole, is that it? A. Well, I couldn't do two things at once, and I was bound to get that number and I did. Q. And you were getting this license number while you were running into the telephone pole; is that it? A. It didn't take me all the while to get it; I was applying my brakes and working at stopping my car at the same time. Q. Between the intersection of Spalding Street and that telephone pole, while you were heading for there, you were applying your brakes and getting their license number, is that it? A. Yes, sir."

The rule that one placed in sudden danger by the negligence of another is not liable for an error of judgment in his efforts to escape from such peril (Uhler v. Jones, 78 Pa. Superior Ct. 313, 319, and kindred cases),

applies only to an error of judgment with respect to the steps taken to escape the danger thus suddenly thrust upon him. Stebbins' duty, in the circumstances, was to guide and control his car, as best he was able, so as to avoid injury to him or his car. He was blind in his right eye, and on turning his car to the right could not see the license number on defendant's car without directing his good eye to the left and away from the direction he was going; and while thus occupied in getting defendant's license number, he could not see where his car was going. His one thought seems to have been to find out defendant's license number. He was more intent on that than he was on steering his car to safety. With a space of twenty-two feet in width between defendant's car and the line of telephone poles, it is idle to say that he could not have steered his car so as to avoid a head-on collision with the pole if he had been paying attention to his car instead of being "bound to get that number." His own negligence or want of care contributed to the collision with the pole and precludes his recovery for the damages resulting therefrom. Defendant's point for binding instructions should have been affirmed. The second assignment of error is sustained. It is not necessary to consider the rest. It is proper to note, however, that the refusal to enter a nonsuit is not assignable as error on appeal: Hartley v. Spencer, 75 Pa. Superior Ct. 449, 453.

The judgment is reversed.