SPRINGER et al. v. J. J. NEWBERRY CO.

Civ. A. No. 3769.

United States District Court
M. D. Pennsylvania.
Jan. 17, 1951.

906

Martin H. Philip, of Philip & Philip, Palmerton, Pa., John J. Dobosh, Lansford, Pa., for plaintiffs.

Hugh J. McMenamin, of O'Malley, Harris, Harris & Warren, Scranton, Pa., for defendant.

WATSON, Chief Judge.

This is an action by George W. Springer and his wife, Louise F. Springer, plaintiffs, to recover damages from J. J. Newberry Company, defendant, for personal injuries sustained by wife-plaintiff as a result of fall down a two-step stairway in defendant's store in Lansford, Pennsylvania, and which accident was alleged to have been caused by the negligence of the defendant. The case was tried before the Court and a jury, and the jury returned a verdict in favor of the plaintiffs. The jury awarded the sum of two hundred and fifty dollars to George W. Springer and seven hundred and fifty dollars to Louise F. Springer.

The case is now before the Court on motions by the plaintiffs and also by the defendant. The plaintiffs have submitted two motions—a motion for an additur and a motion for a new trial limited only as to the question of damages. The defendant has submitted a motion for judgment non obstante veredicto.

Plaintiffs' first motion requests the Court to grant an additur on the ground that the verdict for the plaintiffs was inadequate and grossly insufficient. This Court has no power to increase the amount of the verdict as it would be a bald addition of something which in no sense can be said to be included in the jury's verdict, and it would therefore deprive the defendant of his constitutional right to the verdict of a jury. Dimick v. Schiedt, 1935, 293 U.S. 474, 55 S.Ct. 296, 79 L.Ed. 603.

Plaintiffs' second motion requests the Court to grant a partial new trial as to the question of damages on the ground that the verdict for the plaintiffs was inadequate and grossly insufficient.

The medical testimony offered by the plaintiffs shows that Louise Springer, wife-plaintiff, suffered a bruised left shoulder which has completely healed, and an impacted colles fracture of the right wrist. Dr. Stanley Tanz testified that the plaintiff, Louise Springer, has an overall disability of the right hand and wrist of approximately 45%, with little improvement to be expected in the future. Dr. Elihu Friedman was basically in accord with Dr. Tanz, but added that he was of the opinion that some improvement could be expected by use of orthopedic treatment.

George W. Springer, plaintiff, has incurred twenty-seven dollars in medical ex-

penses for his wife's injuries, and expects to spend approximately two hundred and forty dollars in the future for an operation on his wife's wrist, which operation has been recommended by Dr. Tanz to relieve some of the pain. Dr. Friedman, in his testimony, agrees that such an operation may relieve some of the pain, but was not as emphatic as to its necessity.

Under Rule 59 of the Federal Rules of Civil Procedure, 28 U.S.C.A., the Court has the power to grant a motion for a new trial for inadequacy of the damages awarded. But this rule does not mean that the Court is to substitute its judgment for that of the jury. It does mean that the Court should intervene only if the verdict of the jury as to general damages is so inadequate as to shock the conscience of the Court. Caldwell v. Southern Pac. Co., D.C.S.D.Cal.1947, 71 F.Supp. 955. Other instances where a new trial may be awarded because of the inadequacy of damages are cases where the jury gave only nominal damages or where the verdict was less than the amount of the loss which the defendant did not dispute. Miller v. Maryland Casualty Co., 2 Cir., 1930, 40 F.2d 463.

The only testimony, except that of the plaintiffs themselves, as to the extent of the injuries suffered by Louise Springer was the expert opinion testimony of Drs. Tanz and Friedman. It is the opinion of this Court that the sum of seven hundred and fifty dollars awarded to Louise Springer is not so inadequate as to shock the conscience of the Court, nor can it be said that the damages awarded were merely nominal. Furthermore, the extent of the ills and suffering of the plaintiff was entirely for the jury. The medical testimony did not establish any fact, and the jury was not bound by that testimony or by the testimony of the plaintiffs. The jury had the right, if it so desired, to disbelieve the testimony, and the weight of the evidence was entirely for the jury.

The sum of two hundred and fifty dollars awarded to the husband, though small, was far in excess of the twenty-seven dollars in medical expenses which he incurred as a result of the injury suffered by his wife.

No mere difference of opinion, nothing short of a clear conviction compelled by the evidence, that the jury must have been influenced by partiality, passion, or prejudice or by some misconception of the law will justify the Court in granting a new trial on the ground of inadequacy of damages. Carpenelli v. Scranton Bus Co., 1944, 350 Pa. 184, 38 A.2d 44. The evidence presented at the trial does not warrant any inference that the jury's verdict was influenced by partiality, passion or prejudice or by some misconception of the law.

The plaintiffs' motion for a new trial limited only as to the question of damages must be denied.

Defendant presents a motion for judgment non obstante veredicto on the grounds that there is no competent evidence of negligence on the part of the defendant, and further that the wife-plaintiff was contributorily negligent as a matter of law.

The facts are these. Louise F. Springer, wife-plaintiff, was a customer in defendant's 5 and 10¢ store located in Lansford, Pennsylvania. Plaintiff entered the store by the main entrance and proceeded down the center aisle. She purchased some oil cloth located on a counter along the center aisle in the rear of the store. Plaintiff asked the clerk if they had any aluminum paint, and the clerk replied she did not know, but directed her to the paint shelves located in the extreme southwest corner of the store. Plaintiff proceeded along the rear aisle in a westerly direction to the southwest corner of the store where the paint shelves were located.

The paint department consisted of two sections of shelves placed against the southwest wall of the store, extending forward from the rear of the store approximately five feet. As plaintiff faced the paint shelves she stepped back and stooped to look at the paint cans on the lower shelves, and as she did so, she fell backwards down a two-step stairway on to a lower landing just inside a rear entrance door. The distance from the paint shelves to the edge of the top step was 32 inches and the drop of

the two steps was 2 feet. The steps were 3 feet wide.

It is significant that along the rear aisle, by which aisle the plaintiff proceeded to the paint department, there is a counter directly in front of the steps with merchandise displayed on the counter to an overall height of approximately 6 feet, and merchandise was also displayed on the floor in front of the counter. This counter, with the merchandise thereon, obstructed and hid the steps from the view of anyone walking alongside the counter in a westerly direction toward the paint shelves. One looking at this counter might very well receive the impression that there was a floor behind it and not a pair of steps. Mrs. Springer stated that she had never used the rear entrance to the store, and was not aware of these steps.

It is the duty of the Court to determine if there is any relative competent testimony from which a reasonable inference may be drawn tending to establish defendant's negligence. Whenever there is a reasonable doubt as to the inferences to be drawn from the facts, negligence is always a question for the jury. Anstine v. Pennsylvania Railroad Company, 1941, 342 Pa. 423, 20 A.2d 774.

In light of the testimony offered in this case, it is this Court's opinion that there was substantial evidence introduced at the trial from which the jury could have reasonably concluded that the defendant was guilty of negligence, and that such negligence was the proximate cause of plaintiff's injuries.

Contributory negligence will be judicially declared only when it is so clear that reasonable minds cannot differ as to its existence. Reidinger v. Lewis Jones, Inc., et al., 1946, 353 Pa. 298, 45 A.2d 3. Under the evidence in this case, this Court cannot say, as a matter of law, that the wife-plaintiff was guilty of contributory negligence, in failing to turn around to see what lay behind her. Whether her conduct was negligent or not can only be determined by considering all the attending and surrounding circumstances of the accident, and it falls within the province of the jury to pass upon her conduct.

The defendant's motion for judgment non obstante veredicto must be denied.

An appropriate order will be filed herewith.