Reidinger *v.* Lewis Jones, Inc., et al., Appellant.

Argued November 27, 1945. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Michael A. Foley,* for appellants.

*Kirby V. Wright,* with him *Truscott, Trinkle and Wright,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, January 7, 1946:

John H. Reidinger, appellee, brings this action in trespass against Lewis Jones, Inc., appellant in Appeal No. 138, and Joseph Martini, appellant in Appeal No. 139, to recover damages for personal injuries caused by the alleged negligence of Martini in suddenly turning his truck directly into the path of appellee's oncoming car. A jury returned a verdict in the sum of $5,000 for appellee against both appellants. These appeals are

from the refusal of the court below to grant a new trial and to enter judgment *non obstante veredicto.*

On December 30, 1943, John H. Reidinger, appellee, was driving his automobile south on Haverford Avenue, approaching the "T" intersection of Woodbine Avenue. Joseph Martini, an employee of Lewis Jones, Inc., was driving the latter's truck north on Haverford Avenue. Appellee saw appellant's truck approximately 500 feet away. As the vehicles reached the intersection, and at a point when they were 15 feet apart, Martini, intending to enter Woodbine Avenue, suddenly and without any warning made a sharp left turn directly in front of appellee's oncoming car. Reidinger, who was driving at a speed of 20 to 25 miles per hour, was unable to avoid colliding with appellant's truck. The right front of his car collided with the right front of appellant's truck. The weather was clear, the streets were dry, and there was no other traffic on the road.

Haverford Avenue is a four-lane highway 44 feet in width. Woodbine Avenue, a dirt road intersecting Haverford Avenue, is 36 feet in width, and ends on the westerly side of Haverford Avenue.

The sole issue is whether appellee was guilty of contributory negligence as a matter of law. Appellants contend that Reidinger's testimony, that he was driving at a speed of 20 to 25 miles per hour and could not stop his car until within 24 feet of the other side of Woodbine Avenue, convicts him of contributory negligence as a matter of law. This contention cannot be sustained.

"It is the duty of the driver of a . . . motor vehicle at all times to have his car under control, and having one's car under control means having it under such control that it can be stopped before doing injury to any person in any situation that is reasonably likely to arise under the circumstances": *Galliano v. East Penn Electric Co.,* 303 Pa. 498, 503, 154 A. 805, 807. This is a rule applicable to all drivers of motor vehicles. Contributory

negligence will be judicially declared only where it is so clear that reasonable minds cannot differ as to its existence. Under the facts in this case it cannot be said as a matter of law that appellee did not exercise due care merely for the reason that while traveling at 20 or 25 miles an hour, a distance of approximately 60 feet would have been required in which to stop his car unless he jammed his brakes on tight. The court below properly said: "The real question here is whether the plaintiff [appellee] should have had his car under such control that he should have been able to stop within 15 feet." In *Kuneck v. Conti,* 277 Pa. 455, 457, 121 A. 324 at 325, it was said: "One approaching from the opposite direction would naturally expect the driver to proceed in the same line, unless apprised of an intention to turn at a right angle." The defendant, when 15 feet away, suddenly and without warning swerved directly in front of the oncoming car. What was there said is peculiarly applicable here. The Court said (p. 458, 121 A. at 325): "Kuneck had reason to believe defendant intended to continue in the direction he was moving, and that no turn was to be made. When this did occur, the distance was so close—nineteen feet—as to make it impossible for him to protect himself. The evidence does not permit the assumption that he ran into the oncoming motor, and took no care to avoid the accident. The facts here shown do not present a situation which would justify a court in declaring contributory negligence, as a matter of law, as in Lessig v. Reading Transit & Light Co., 270 Pa. 299; Hill v. P. R. T. Co., 271 Pa. 232; Horen v. Davis, 274 Pa. 244, or Mehler v. Doyle, 271 Pa. 492, relied upon by appellant, in which latter case both parties had turned at right angles into another street before the collision occurred. It was for the jury to say whether Kuneck used due care under the circumstances."

The cases relied upon by appellant are inapposite. *Papkin v. Helfand & Katz,* 346 Pa. 485, 31 A. (2d) 112, *Hostetler v. Kniseley,* 322 Pa. 248, 185 A. 300, and *Byrne*

*v. Schultz,* 306 Pa. 427, 160 A. 125, dealt with right angle intersection accidents and are clearly distinguishable from the instant case. *Reppert v. White Star Lines, Inc.,* 323 Pa. 346, 186 A. 788, is not controlling. In that case, plaintiff saw the bus for the first time after he had completed a turn and was leaving the intersection. In the instant case appellee had seen appellant's truck approaching 500 feet away. No indication was given that Martini intended to turn left into Woodbine Avenue. Appellee had no reason to anticipate that when he reached a point 15 feet away from the truck it would suddenly swing left directly into his path. He had observed that no traffic or pedestrians were approaching from Woodbine Avenue. The only vehicle in sight was appellant's, and appellee was under no duty to anticipate that Martini would suddenly, and without warning, turn the truck in front of him. This was not a situation "reasonably likely to arise under the circumstances."

The judgment appealed from is affirmed.