## Brown, Appellant, *v.* McNamara.

Argued November 19, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*John Wintersteen,* with him *Ballard, Spahr, Andrews & Ingersoll,* for appellant.

*John A. M. McCarthy,* for appellee.

OPINION BY ROSS, J., January 17, 1947:

This is an action in trespass for the recovery of damage to an automobile owned and operated by the plaintiff. The jury returned a verdict for the plaintiff but the court below en banc, the trial judge dissenting, entered judgment n. o. v. on defendant's motion, and plaintiff appealed to this court. The sole issue before us is whether under all the evidence the plaintiff was guilty of contributory negligence as a matter of law.

It is a familiar principle of law and of appellate review that on a rule for judgment n. o. v. the testimony must be read in the light most favorable to the plaintiff, all conflicts having been resolved in his favor, and he must be given the benefit of every fact and inference of fact which may be reasonably deduced from the evidence (*Christ v. Hill Metal & Roofing Co.,* 314 Pa. 375, 171 A. 607), including evidence produced upon both sides (*Kissinger et al. v. Pittsburgh Railways Co.,* 119 Pa. Superior Ct. 110, 180 A. 137), and contributory negligence will be judicially declared only where it is so clear that reasonable minds cannot differ as to its existence. *Reidinger v. Lewis Jones, Inc., et al.,* 353 Pa. 298, 45 A.2d 3; *Carden v. Philadelphia Transportation Co.,* 351 Pa. 407, 41 A.2d 667; *Cox v. Scarazzo,* 353 Pa. 15, 44 A.2d 294.

At about 8 p.m. on December 23, 1944, the plaintiff was driving his automobile east on Lancaster Avenue, a six-lane highway, in Philadelphia, with and in a line of moving traffic. As he approached and was 40 or 50 feet away from the intersection of Sherwood Road he observed an automobile driven by the defendant southwardly on Sherwood Road and about the same distance away from its intersection with Lancaster Avenue. The plaintiff testified that he was driving "around" 20 to 25 miles an hour and the defendant testified that he, also, was driving "around 20 miles per hour . . . in first

gear". The plaintiff, sounding his horn as a warning, proceeded to enter the intersection and at *that* time observed that the defendant was not stopping but was entering the intersection and making a left turn eastwardly into Lancaster Avenue. The plaintiff again blew his horn but the defendant continued in a turn until his car collided with the plaintiff's car east of the intersection, throwing it against another car parked at the curb on Lancaster Avenue east of the intersection.

The Act of May 1, 1929, P. L. 905, Article X, section 1013 as amended, 75 PS 572, provides, inter alia, as follows: "When two vehicles ... approach or enter, or when any vehicle ... approaches or enters an intersection at approximately the same time, the drive of the vehicle ... on the left, shall yield the right of way to the vehicle ... on the right ...". According to the testimony, the plaintiff's automobile reached the intersection slightly ahead, or in any event at approximately the same time, that the defendant's car entered the intersection, both cars traveling at a very moderate speed. Consequently, the plaintiff had the technical right of way, although that did not relieve him from using proper care under the circumstances to avoid a collision with the defendant's car. *Roth et al. v. Hurd,* 140 Pa. Superior Ct. 401, 13 A.2d 891.

The verdict for the plaintiff is a finding that the plaintiff was free from contributory negligence (*Kulka v. Nemirovsky,* 314 Pa. 134, 170 A. 261), and in determining whether or not the plaintiff was guilty of contributory negligence it must be borne in mind that he had a right to assume within reasonable limits that the defendant would perform his duty (*Murphy v. Bernheim & Sons, Inc.,* 327 Pa. 285, 194 A. 194), and respect the plaintiff's right of way. As stated by the present Mr. Chief Justice MAXEY in *Adams v. Gardiner,* 306 Pa. 576, 160 A. 589, at page 582: "The rules of the road have now become so familiar to all motorists and the rule that the driver on the right has the right of way is so firmly im-

bedded in individual consciousness that although the driver on the right must be highly vigilant in approaching a crossing and must exercise extreme care to avoid accidents, he still is justified in using as a factor, on which with others to base a judgment as to whether or not he can cross an intersection in safety, the fact that the driver approaching on the left and further away from the intersection than he, presumably knows the rules of the road, will give way to the driver on the right, and will so control his car as to avoid a collision."

On cross-examination the plaintiff testified as follows: Question: ". . . When you first saw the defendant's automobile, if you had applied your brakes, within how many feet could you have brought your car to a stop?" Answer: ". . . 10 or 12 feet . . . I should judge." On the basis of this answer and the testimony in the case that when the plaintiff entered the intersection he noticed that the defendant "was not going to stop but kept coming", the appellee contends, as held by the court below, that the plaintiff was guilty of contributory negligence *as a matter of law* by testing an obvious danger and could have avoided the collision by stopping his car when he saw that the defendant was not recognizing plaintiff's right of way. If this were the only evidence in the case, the appellee's contention might be sound, but when all the evidence favorable to the plaintiff is considered, it is not. Although the plaintiff did testify that he—when he was 40 or 50 feet away from the intersection—*could* have stopped his car in 10 or 12 feet, it cannot be said as a matter of law—and he did not say it as a matter of fact or of opinion—that it would have been good judgment or the exercise of due care for him to have done so.

The plaintiff was in a line of moving traffic. He testified that ". . . there was some cars in front of me, some cars in back of me . . . moving . . . I was driving a normal distance apart . . . I was just going along with the traffic . . . I was in the line of traffic." The

jury had a right to consider—and no doubt did consider—in determining whether or not plaintiff used reasonable care under the circumstances the probability or possibility that if he stopped his car suddenly, he would run the risk of one of the cars following him running into his car, particularly in view of the testimony of a witness for the defendant, who testified that Lancaster Avenue at the time of the collision had a thin coating of ice on it and that there was "slippery ice there".

The plaintiff testified that Lancaster Avenue "has six lanes of traffic; three lanes on each side of the white line" and that "I was on the right side, south side. In other words, there were cars parked at the curb and I was as near to the parked cars as I could get, but there was space between my car and the white line, plenty of room for him (the defendant) to turn"; and the defendant testified as follows: Question: "There are three lanes of traffic?" Answer: "Yes." Question: "Suppose these are the three lanes of traffic . . . if you take the part along the curb and say that it is No. 1, the next one would be No. 2, and the one nearest the center line would be No. 3 . . ." Answer: "I would be in No. 2." Question: "Was there anything moving in Lane No. 3 that would prevent another automobile from passing on that side?" Answer: "No, positively no." Thus, it appears that the defendant at his rate of speed could have "swung" with the traffic—not recommended but nevertheless common driving on wide highways—and the jury may have determined that the plaintiff "reasonably" assumed that the defendant would so drive and thus avoid a collision.

After a careful examination of the record we are of the opinion that this is not one of those cases where contributory negligence is so clearly revealed that fair and reasonable individuals could not disagree as to its existence and may, therefore, be declared judicially.

*Atomari v. Kruger et al.,* 325 Pa. 235, 188 A. 828; *Roth et al. v. Hurd,* supra, 140 Pa. Superior Ct. 401, 13 A.2d 891.

The judgment of the court below is reversed and judgment on the verdict is herein entered for the plaintiff.