Craig *v.* Gottlieb et ux., Appellants.

Argued October 2, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

Michael A. Foley, for appellants.

Joseph S. Lord, 3rd, with him Richter, Lord & Farage, for appellee.

OPINION BY DITHRICH, J., November 12, 1947:

An automobile owned and operated by plaintiff and one owned by the husband defendant and operated by the wife defendant collided at the intersection of Washington Lane and Rodney Street, Philadelphia. The collision took place at or about 7 o'clock in the evening of February 10, 1940. It was dark and raining at the time and the intersection was not lighted. Plaintiff was driving east on Washington Lane, a main highway 44 feet in width, and defendants' automobile entered the intersection from Rodney Street on the northerly side of Washington Lane, or to plaintiff's left. Rodney Street is a side street, 36 feet in width.

To plaintiff's statement of claim, defendants filed an affidavit of defense and a counterclaim. The jury found for plaintiff and defendants have appealed from the refusal of their motion for judgment n. o. v.

Considering the testimony in a light most favorable to plaintiff, as we are required to do because of the verdict, the facts briefly stated are as follows. Plaintiff approached the intersection at a speed of approximately 35 m. p. h. When he reached the west curb line of Rodney Street, he slowed down to 30 m. p. h. and, seeing no traffic approaching from either direction, he continued on his way until he was suddenly confronted with defendants' automobile which was then only about 10 feet in front of him and about 6 or 7 feet to his left. He did not see it sooner because it was being operated without lights. It had been standing on Rodney Street in front

of the Gottlieb residence at the northwest corner of Rodney Street and Washington Lane, and Mrs. Gottlieb had just started it and was making a left turn from Rodney Street into Washington Lane when the collision took place. Defendants' car having suddenly loomed in front of plaintiff at a distance of only 10 feet, he successfully contended before the jury that it was impossible for him to stop in time to avoid the collision.

The case is practically on all fours with *Murray v. Lavine,* 92 Pa. Superior Ct. 372, and is ruled by our decision in that case. There defendant's truck was being operated at night without lights at a poorly lighted intersection. This court held that plaintiff having looked for approaching vehicles as he was about to enter the road intersection was not bound to anticipate that a truck without headlights would suddenly appear; that having looked and seen nothing because of defendant's negligence in traveling without lights, it could not be said that he was guilty of negligence as a matter of law.

Nor can it be said, as contended by defendants, that a speed of 30 m. p. h. in the intersection was negligence per se. True, it has repeatedly been held that one entering an intersection must have his car under such complete control that he can stop it within the shortest possible distance, *Byrne v. Schultz,* 306 Pa. 427, 160 A. 125, *Papkin et ux. v. Helfand et al.,* 346 Pa. 485, 31 A. 2d 112; but it has also been held that ". . . having one's car under control means having it under such control that it can be stopped before doing injury to any person in any situation that is reasonably likely to arise under the circumstances": *Galliano v. East Penn Electric Co.,* 303 Pa. 498, 503, 154 A. 805, 807; *Reidinger v. Lewis Jones, Inc., et al.,* 353 Pa. 298, 301, 45 A. 2d 3.

Here it cannot be said that it was "reasonably likely" that defendants' automobile would enter the intersection without lights, nor could it be reasonably inferred that the rate of speed at which plaintiff's automobile

was being operated was the proximate cause of the accident. The court below correctly held that "It must be shown that the speed was the proximate cause of the accident, which was not done in this case." If plaintiff had been traveling at say not more than 15 to 20 m. p. h., which manifestly in the circumstances could not have been held to be excessive, it would have taken only a fraction of a second for him to have covered the 10 feet between him and defendants' automobile when it suddenly came within the range of his lights. Had he seen defendants' automobile, or the reflection of its lights, had they been burning, as it entered the intersection in advance of him, we would have had an entirely different situation. But it clearly appearing that defendants' negligence in operating an automobile at night without lights was the proximate cause of the accident, the motion for judgment n. o. v. was properly refused. "Contributory negligence will be judicially declared only where it is so clear that reasonable minds cannot differ as to its existence": *Reidinger v. Lewis Jones, Inc., et al.,* supra, (pp. 299, 300) ; *Brown v. McNamara,* 160 Pa. Superior Ct. 206, 207, 50 A. 2d 748.

Judgment affirmed.