## Greenbaum, Appellant, *v.* Philadelphia Transportation Company.

Argued March 16, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Maurice M. Green,* with him *Earl Chudoff,* for appellant.

*Francis Hopkinson,* with him *Bernard J. O'Connell,* for appellee.

OPINION BY DITHRICH, J., July 23, 1948:

On the trial of this action in trespass the jury after deliberating less than fifteen minutes rendered a verdict in favor of plaintiff in the sum of $250. The court en banc promptly and properly entered judgment for defendant n. o. v. on the ground of the contributory negligence of appellant.

Viewing the testimony in the light most favorable to him and giving him the benefit of every reasonable and favorable inference, *Craig v. Gottlieb,* 161 Pa. Superior Ct. 526, 55 A. 2d 573, it appears that he drove his automobile onto a street car track of defendant in such a careless and negligent manner that it was struck almost instantly upon entering the track. He testified, in brief, that he was driving west on Arch Street in Philadelphia and had started to park his automobile about 150 to 200 feet from the corner of Arch and 7th Streets. As he came to a stop along the northerly curb with his motor still running, he saw a mounted traffic officer coming down the other side of the street with a pad in his hand, and, thinking that he was not allowed to park where he had stopped, he "decided to find a more convenient place . . ." He looked out of the side of his automobile and saw an oncoming street car about 50 to 75 feet east of 7th Street. The traffic light at 7th Street was red for

westbound traffic. Because there was a wagon "parked" about 100 feet in front of him, he pulled out from the curb at about a 45° angle, "going at a very slow pace, between three and five miles an hour"; and when he "had reached between the first and second car tracks [rails]" he "heard a terrific clanging of bells" and thinking "it was a fire somewhere or something," he "automatically" put his foot on the brake and "looked around."

He then saw an automobile, which was likewise pulling out from the northerly curb, about 25 feet in back of him and the street car 50 feet away. It sideswiped the other automobile and then struck the plaintiff's car between the doors on the left side and shoved it 20 or 25 feet. It was the right front of the street car that struck the left center of the automobile. Appellant did not look back toward the street car from the time he started away from the curb until he had traveled 50 feet and "was in between the first and second rails already." The front of his car was touching the second rail when he heard the collision between the street car and the other automobile, and a second later his car was struck.

He argues that having been committed to the street car track for a distance of 50 feet before the happening of the accident, he could not be held to have driven upon the track when the car was so near as to render the collision unavoidable.

We would be obliged to consider his point well taken if there was any testimony to support an inference that he had driven between the rails for 50 feet, or approximately that distance. But his testimony (and it was the only testimony on the point) was that he had driven diagonally toward the track for a distance of 50 feet, after he had last looked to his rear as he was leaving the curb, before entering upon the track.

A mounted police officer called by plaintiff testified that he did not see his car until after the "trolley" had hit the other car and was then only 25 feet away from appellant's car. Sherman, the driver of the other car,

testified that appellant was parked about 25 feet in front of him; that they started to pull out at about the same time, and that after the street car had sideswiped his car it continued on and struck "Greenbaum's car which was about 25 feet away. . . . diagonally to the left, partly in the car tracks."

In granting defendant's motion for judgment n. o. v. the learned court below relied on *Tarbit v. Philadelphia Transportation Co.*, 346 Pa. 234, 29 A. 2d 487, followed by this Court in *Wiley v. Philadelphia Transportation Co.*, 160 Pa. Superior Ct. 5, 49 A. 2d 865. In our opinion the instant case is squarely ruled by those cases.

In point of fact the testimony in both those cases was more favorable to the plaintiffs than in the instant case. In the *Tarbit* case plaintiff entered upon the street car track to avoid running into a car that was parked ahead of him and was struck in the rear when he had driven 25 feet after entering the track space or approximately within one second of time. He was held to be guilty of contributory negligence. In the *Wiley* case plaintiff entered upon the street car track when the street car was 25 or 30 feet to his rear, in order to avoid striking a parked car, and had traveled in that position for a considerable distance when he was struck in the rear.

Here, as we have pointed out, appellant testified that the right front of the street car struck the left center of his automobile between the doors. If, as he argues, he had immediately turned onto the street car track and then traveled 50 feet, his automobile would have been struck on the rear instead of on the left side. The point of impact clearly demonstrates that the automobile was at a sharp angle when it was struck and that it must have been struck almost immediately upon entering the track.

Judgment affirmed.