Dandridge *v.* Exhibitors Service Company,
Appellant.

Argued April 12, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*John D. Stedeford,* for appellant.

*A. H. Rosenberg,* for appellee.

OPINION BY DITHRICH, J., July 20, 1950:

The jury found for plaintiff in this trespass action for damages to his automobile resulting from a collision with a truck owned by defendant. From the refusal of its motions for judgment n. o. v. and for a new trial defendant has appealed.

The collision occurred about one o'clock a.m. July 30, 1947, at the intersection of Forbes and Van Braam Streets in Pittsburgh. The streets were dry and it was a bright, clear night. Forbes Street runs east and west and Van Braam Street north and south. Plaintiff was operating his automobile in a westerly direction on Forbes Street. He is the pastor of Brown Chapel A. M. E. Church on the North Side of the City. Seated beside him was a young woman, a member of his congregation. She was seated on the right front side of the automobile, which plaintiff testified bore the brunt of the collision, but she was not injured, nor was she present in court to testify for plaintiff. Her absence apparently was explained to the satisfaction of the jury. The truck was traveling in a southerly direction on Van Braam Street, a street only two blocks long, extending from Fifth Avenue on the north, across Forbes Street to the Boulevard of the Allies on the south.

Plaintiff, who was uncorroborated in his version of the happening of the accident, testified: "Before I came to Van Braam Street I naturally took my foot off the accelerator for safety purposes, as I usually do, looked to the left . . . , saw no vehicles, then looked to my right and still didn't see anything when I started across the street, and just about midway of the street or a little better than half, out of Van Braam Street came this big truck. I tried to turn [to the left] in Van Braam to miss him, but it was impossible." He didn't look a second time to the right before entering the lane for traffic proceeding south on Van Braam Street. The first he

knew that the truck was approaching the intersection from the right was when he heard it coming. He looked then and saw it "about ten or fifteen feet" away. He said he was then more than halfway across the intersection. He turned to the left "as fast as . . . [he] could" and the truck driver turned to the right "and it was a sort of swiping collision." The left front of the truck came in contact with the right front of the automobile. Plaintiff said that when he looked to his right he could see all the way to Fifth Avenue, where Van Braam Street begins, but he didn't see the truck. He says he didn't see it because, although the intersection was well lighted, the truck was running without lights. Leastways he didn't see any lights on the truck, either headlights or marking lights; but when asked on direct examination "If the truck had headlights burning would you have seen them?" the answer was "Yes."

If it were not for this testimony, that the truck was being operated without lights, we would unhesitatingly enter judgment for defendant. "We have pointed out a number of times that it is the duty of the driver of a vehicle approaching a two-way street to look *first* to his *left* and then to his *right*. That is because he first enters the lane in which traffic coming from his *left* is traveling. If he sees nothing approaching that would be likely to prove a source of danger to him, he may proceed, but as he *nears the middle of the street,* it is his duty to look to his *right* again before entering into the traffic lane coming from that direction: [citing cases]": *Freedman v. Ziccardi,* 151 Pa. Superior Ct. 159, 162, 30 A. 2d 172. In *Grande v. Wooleyhan Transport Co.,* 353 Pa. 535, 46 A. 2d 241, the Supreme Court said (page 539), after quoting the above from *Freedman v. Ziccardi,* supra: "If another car is approaching in the right lane, the driver should stop unless in the exercise of care and prudence he is reasonably justified in believing he can cross ahead of it without danger of collision: Toyer v. Hille-

man, 320 Pa. 417, 183 A. 53; Affelgren v. Kinka, 351 Pa. 99, 40 A. 2d 418."

But since plaintiff is entitled to have the testimony considered in the light most favorable to him in view of the verdict of the jury (*Phillips v. Philadelphia Transportation Co.*, 358 Pa. 265, 56 A. 2d 225), we cannot say as a matter of law that he was guilty of contributory negligence in failing to see the truck, which he says was unlighted. *Craig v. Gottlieb*, 161 Pa. Superior Ct. 526, 55 A. 2d 573; *Murray v. Lavine*, 92 Pa. Superior Ct. 372. "Contributory negligence will be judicially declared only where it is so clear that reasonable minds cannot differ as to its existence": *Reidinger v. Lewis Jones, Inc.*, 353 Pa. 298, 299, 300, 45 A. 2d 3; *Phillips v. Philadelphia Transportation Co.*, supra; *Brown v. McNamara*, 160 Pa. Superior Ct. 206, 207, 50 A. 2d 748.

The driver of the truck, who at the time of the trial was a driver for the Pittsburgh Press, testified that the headlights and "marking lights on top of the truck, three in the front . . . and . . . one on each corner and . . . two on the back and three underneath" were all turned on. He testified that he was "three-fourths of the way across the street" when plaintiff crashed head-on into the left front side of his truck. He was corroborated by two entirely disinterested witnesses, Mrs. Thelma Bloom, who lives at 1731 Forbes Street, and her sister, Mrs. Freda Mancini. Mrs. Mancini, who then lived in the Bloomfield district, had been visiting Mrs. Bloom and the latter was walking with her to the street car stop at the corner of Fifth and Van Braam. They testified that they were walking west on the northerly side of Forbes Street, a short distance from the corner of Van Braam, when plaintiff's automobile "speeded" past them and ran into the truck, which was more than halfway across the street. They saw the lights on the truck and saw it stop before starting to cross Forbes Street; and Mrs. Mancini testified that when plaintiff's

automobile "banged" into the truck she said, " 'My goodness, where did that machine come from?' It came so fast." They gave their names to a police officer at the scene of the accident. When plaintiff told the officer that the truck had run into him, the officer is said to have observed, "When does a truck go sideways."

In *Hess v. Stiner,* 144 Pa. Superior Ct. 249, 19 A. 2d 560, this Court said, speaking through KELLER, P. J., (page 250): "It is well settled in this Commonwealth that, as respects civil[1] cases, the trial court has the power to grant a new trial where in its opinion the verdict is against the evidence or the weight of the evidence, or where the interests of justice require it: [citing cases]. Such action on the part of the trial court, where the case depends on oral evidence, will be reversed only for a clear abuse of discretion. [Citing cases.]"

We feel that we could, without doing violence to the above rule, hold that the following statement by the late Chief Justice in *Jones v. Williams,* 358 Pa. 559, 564, 58 A. 2d 57, is applicable here: "While this Court usually supports the action of the trial court in granting or refusing a new trial we do not entirely abdicate our reviewing functions in such cases. This Court, too, has the duty to determine from the record whether or not the jury's verdict was so contrary to the evidence as to shock one's sense of justice and to make the award of a new trial imperative so that right may be given another opportunity to prevail."

We conclude, however, that the questions of defendant's negligence and plaintiff's contributory negligence were for the jury under proper instructions from the court. But such instructions were not given. Although this was a right-angle collision at an intersection, nowhere in the charge was the jury instructed as to the

---

[1] "The rule likewise applies to new trials granted *defendants* in criminal cases."

duty of the driver of a motor vehicle at an intersection. In *Hess v. Mumma,* 136 Pa. Superior Ct. 58, 7 A. 2d 72, involving a collision between an automobile and a truck at an intersection, where the trial judge read to the jury the provision in The Vehicle Code relating to the right of way at intersections and where only a general exception had been taken to the charge, this Court held that (pages 65, 66) : "The relative rights and duties of the parties, under the circumstances, were not sufficiently defined to the jury by the trial judge by reading merely the section of The Vehicle Code, 75 PS §572, relating to the right of way at intersections. The obligations which the law imposes upon the operators of motor vehicles at intersections should have been interpreted with respect to the conflicting versions of the occurrence as they appeared in the testimony. *Nothing appears in the charge concerning the limitations on the right of way* . . . Whether plaintiff in the operation of his automobile, or defendant in the operation of his truck, was negligent, under the circumstances, was the question to be determined by the jury under proper instructions, and it was the duty of the trial judge to have brought the issue clearly to the attention of the jury . . ." (Italics supplied.)

That has particular application to the instant case where the driver of the truck was approaching the intersection from the right and plaintiff from the left. In *Patterson v. Pittsburgh Railways Co.,* 322 Pa. 125, 185 A. 283, the Supreme Court said (page 128) : "Inadequacy of a charge may be taken advantage of on general exception where the instructions omitted are vital to a proper conception by the jury of the fundamental principles of law involved (DiPietro v. Great Atlantic & Pacific Tea Co., 315 Pa. 209), and the inadequacy is just as basic where, in a case like the present, the legally established methods of determining the factual question involved are not explained to the jury. Indeed, even in

the absence of a general exception, the appellate court of its own motion may reverse because of basic and fundamental error: Schmitt v. City of Phila., 248 Pa. 124; Marlowe v. Travelers Insurance Co., 313 Pa. 430." See, also, *Finkelstein v. McClain,* 331 Pa. 198, 200 A. 596.

Judgment reversed with a venire facias de novo.