## Jordan *v.* Kennedy, Appellant.

594

Argued October 6, 1955. Before Rhodes, P. J., Hirt, Ross, Gunther, Wright, and Woodside, JJ. (Ervin, J., absent).

*Jack Brian,* with him *Howard Richard,* for appellant.

*Robert A. Detweiler,* with him *Morris H. Fussell,* for appellee.

OPINION BY WOODSIDE, J., January 17, 1956:

This is an appeal from the entry of judgment non obstante veredicto after a verdict for damages arising out of an intersection collision between the automobiles of the parties.

Peter Jordan was driving south on 62nd Street in Philadelphia and David Kennedy was driving east on Chestnut Street when their automobiles collided. Jordan sued Kennedy, and Kennedy filed a counterclaim against Jordan.

At the trial the lower court entered a nonsuit against Jordan, but allowed Kennedy's claim to go to the jury which found a verdict in his favor for $1263.44. Upon motion of Jordan, judgment n.o.v. was entered by the court below against Kennedy who has taken this appeal.

The evidence, viewed in the light most favorable to Kennedy, as we are bound to view it, indicates that Kennedy was driving his automobile east on Chestnut Street on the clear, dry night of December 17, 1948 at 11:30 P.M. Chestnut Street is a one-way street with five lanes, the outside ones being used for parking. As Kennedy approached 62nd Street he was in the second lane from the southern curb traveling at 25 miles per hour. When he was halfway between 63rd and 62nd Streets Kennedy noticed that the traffic light at 62nd Street was green on Chestnut Street.

As Kennedy approached the intersection he looked to his left. He saw nothing approaching. His view at that point was partly obstructed by a building on the northwest corner of the intersection and by parked vehicles. After looking to the left he again looked at the traffic light and found it was still green. As the front of his automobile was entering the intersection he again looked to the left and saw Jordan's automobile approaching. The right front of the Jordan automo-

bile and the left front of the Kennedy automobile collided. Kennedy was thrown out of his automobile and knocked unconscious. When pressed by the trial judge for the distance away Jordan's automobile was when he first saw it Kennedy said, "maybe five feet." The lower court thinking Kennedy should have seen the Jordan vehicle when it was more than five feet away from his automobile granted judgment n.o.v. on the ground that Kennedy was guilty of contributory negligence.

We think the question of contributory negligence was for the jury.

The court should enter judgment n.o.v. only where the evidence, read in the light most favorable to the prevailing party, so clearly shows contributory negligence that reasonable minds cannot differ as to its existence. *Brown v. McNamara,* 160 Pa. Superior Ct. 206, 207, 50 A. 2d 748 (1947) ; *Reidinger v. Lewis Jones, Inc.,* 353 Pa. 298, 45 A. 2d 3 (1946).

If the light was green for Kennedy it was red for Jordan, and Kennedy had the right to assume Jordan would not violate the law by driving into the intersection with the red light against him. *Zurcher v. Pittsburgh Rwys. Co.,* 353 Pa. 212, 215, 44 A. 2d 581 (1945) ; *Koehler v. Schwartz,* 382 Pa. 352, 356, 115 A. 2d 155 (1955) ; *LaMarra et al., to use v. Adam,* 164 Pa. Superior Ct. 268, 275, 63 A. 2d 497 (1949). Acting upon the assumption that Jordan would stop for the red light was not negligence. *Hogg v. Muir,* 383 Pa. 413, 119 A. 2d 53 (1956) ; *McGavern v. Pittsburgh Rwys. Co.,* 378 Pa. 13, 105 A. 2d 342 (1954). One is not required to anticipate and guard against the want of ordinary care on the part of another. *Ksiazek v. Pelle,* 174 Pa. Superior Ct. 304, 307, 101 A. 2d 428 (1953).

When Kennedy first looked to his left Jordan was not in the intersection or coming into it. When he looked again Jordan was "maybe" only five feet away. We must accept the testimony of Kennedy that the light was green on Chestnut Street when he was a half block away and that it was green when he looked at it immediately before entering the intersection. Thus we must assume it was not just changing at the time of the collision. Jordan was not "beating the light"; he was ignoring it. Kennedy was not bound to guard against such conduct.

That does not mean, of course, that Kennedy had a legal right to go blindly into the intersection regardless of other vehicles that might have already been within it. *Harris v. Moran,* 121 Pa. Superior Ct. 16, 182 A. 660 (1936). It was his duty to look for traffic, even if he had a green light. He did look. There was nothing there. He had a duty to watch the light, too, as he approached the intersection.

Although one approaching a street intersection must always be vigilant, he cannot be held to the same high degree of care at an intersection with a traffic light giving him the right of way as at an intersection where there is nothing to regulate the right of way. He need not approach an intersection with a green traffic light quite so slowly, nor look so continuously for approaching traffic, first because he has a right to assume traffic on the intersecting street will stop for the red light and secondly because he must divide his attention between approaching traffic and the light.

It is our opinion that the learned lower court attempted to hold Kennedy to the exact degree of care that would have been required of him had there been no light in his favor at the intersection. This was error. To hold that there is the same degree of care imposed upon a motorist with a favorable light as one

without any right of way would thwart the purpose of traffic lights to facilitate the flow of traffic. *Adley Express Company, Inc. v. Willard,* 372 Pa. 252, 93 A. 2d 676 (1953) ; *McCormick Transportation Co. v. Philadelphia Transportation Co.,* 161 Pa. Superior Ct. 533, 539, 55 A. 2d 771 (1947).

The lower court did not dispose of Jordan's motion for a new trial. The case will therefore be returned to it so that it may pass upon that motion. *Stewart v. Pittsburgh,* 157 Pa. Superior Ct. 347, 353, 43 A. 2d 393 (1945) ; *Moyer v. Reading Company,* 147 Pa. Superior Ct. 178, 24 A. 2d 48 (1942).

Judgment reversed, the verdict of the jury reinstated, and the case remanded to the lower court so it may act upon the motion for a new trial.