Ridley *v.* Boyer (et al., Appellant).

Argued May 22, 1967.   Before BELL, C. J., MUS-
MANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*W. E. Shissler,* with him *David C. Eaton,* and *Nau-
man, Smith, Shissler & Hall,* for appellants.

*James B. Pannebaker,* for appellee.

*Leslie B. Handler,* with him *Walter F. Miller,* and
*Handler and Handler,* for appellee.

*Clyde W. McIntyre,* with him *Hurwitz, Klein, Ben-
jamin & Brown,* for appellee.

OPINION BY MR. JUSTICE MUSMANNO, June 29, 1967:
On December 23, 1963, a collision at a street inter-
section occurred between a tractor-trailer owned by

Gensimore Trucking, Inc., and operated by Theodore L. Carlson, and a 1954 Ford Sedan owned and operated by Earl H. Boyer. In the Boyer car rode, as passengers, Margaret Ridley and Betty K. Smith. A melee of lawsuits followed. Boyer sued Carlson and Gensimore for personal injuries and automobile damage, Margaret Ridley sued Boyer and Gensimore for personal injuries; Betty K. Smith followed suit, and the judge consolidated all the cases for trial.

There were the usual conflicts in the testimony at the trial, each involved person putting forth his best foot, and each driver his best wheel to show that he or she was not at fault and the opposing party was reckless, careless, and in defiance of the law, therein controlling. It is in just such a situation that the centuries-blessed institution of the jury sweeps away the chaff and gets to the kernel or kernels of the issues and reaches a conclusion which, in the vast and overwhelming percentage of the cases coincides with common sense, fundamental justice, and established law. The jury returned a verdict in favor of Boyer against Carlson and Gensimore in the sum of $6,000; in favor of Margaret Ridley against Gensimore Trucking alone, in the amount of $35,000; and in favor of Betty Smith against Gensimore alone in the sum of $2,000.

A melee of motions followed. Carlson and Gensimore asked for judgment n.o.v. or a new trial in Boyer's action against them. Gensimore asked for a new trial in the actions of Margaret Ridley and Betty K. Smith against it. The trial court made short shift of the motions by denying them all, properly we believe. The losers are on appeal here.

Carlson and Gensimore contend the court erred in refusing to enter judgment n.o.v. in Boyer's action against them because "the evidence at trial established affirmatively that Boyer, after entering in the intersection, failed to look again to his right prior to reach-

ing the center of the intersection and convicts Boyer of contributory negligence." The court disposed of this contention handily. Boyer testified that when he came to the intersection he looked to the left and to the right, and, seeing no obstruction or hindrance to an easy and safe passage, and having a green light beckoning him on, he went on. No further specific duty required him to keep swiveling his head. The cases which seem to speak to the contrary, and advanced by the appellants, involve uncontrolled intersections and do not apply to the situation outlined here. This Court succinctly stated the applicable law in the case of *Smith v. United News Co.*, 413 Pa. 243, when it said: "We reiterate that a driver who has a green light is not held to the same standard of care as the driver at an uncontrolled intersection."

The court instructed the jury to examine Boyer's testimony carefully, searching for inconsistencies which might impair his credibility and damage his case irreparably. It found no such infirmities, nor do we in reviewing it. The court's charge as to the duty owed by Boyer at the intersection was thorough and correct, and there would be no point in elaborating on it in detail. The court also properly charged on the matter of alleged contributory negligence on the part of Boyer.

Turning to the motions for a new trial we find the appellants' urging that the trial judge erred in talking about interstate commerce regulations in its charge when, according to the appellants, there was no violation of those regulations. The Interstate Commerce Commission, concerned for safety on interstate highways, laudably laid down some regulations prohibiting employers from forcing their drivers to push themselves beyond human endurance by remaining at the wheel too long. Carlson had testified that he had been at the wheel of his vehicle a period of time, which could be interpreted as entering into the prohibited area of

the ICC regulations. The court, probably spurred on by plaintiff's counsel, quoted these regulations. This, the appellants say, was error. We do not think so. The court cited the regulations and asked the jury to determine whether there had been a violation of the regulations and if that violation, if it occurred, became a proximate cause of the accident: ". . . it is you, the jury, who must determine if there is sufficient evidence here to establish that these regulations were violated, and even if you find that the regulations were violated you must determine if, in fact, the violations were the proximate cause of this accident, as I have defined proximate cause to you."

The court was on the highway of proper instruction, when it spoke thus.

The appellants complain about another thing. It seems that Boyer, a defendant in the two passenger cases, paid one passenger, Mrs. Ridley, $9,500, for which a joint tortfeasor's release had been given by Mrs. Ridley. The appellants submit that the jury should have been told about this release because Mrs. Ridley's counsel, in his closing summation, asked the jury that if Mrs. Ridley was to receive a verdict the verdict should be against the trucking company alone. The alertness of this argument was to permit Mrs. Ridley to retain the $9,500 paid by Boyer and still collect the full amount of any verdict rendered against the trucking company since payment by one not a tortfeasor cannot inure to the benefit of the tortfeasor. (*Eckels v. Klieger*, 205 Pa. Superior Ct. 526). The appellants say that this argument, in practical effect, was based on evidence not before the jury and that it was prejudicial, unfair, etc. But appellants' counsel made no motion for withdrawal of a juror on the basis of improper argument. He says here that no such motion was necessary because the error could have been corrected by the court charging (as requested) that Mrs.

Ridley had received $9,500 from Boyer. To permit an error (if it was an error) to be corrected in such a fashion would lead to collateral issues, resulting in chaos and confusion.

The defendant's attorney did not make timely objection in a manner that would have allowed the court to make a correction, if a correction was in order. We do not say that the argument of the plaintiff's counsel was in error. We do not have to pass on it.

We are satisfied from a review of the record that the court attended in excellent fashion to all motions made and that, therefore, the judgments in all three cases are to be affirmed.

Mr. Chief Justice BELL, Mr. Justice O'BRIEN and Mr. Justice ROBERTS concur in the result.

Mr. Justice COHEN took no part in the consideration or decision of this case.