470

372 A.2d 922

**Esco L. IMES, Appellant,**

v.

**EMPIRE HOOK & LADDER CO. and Jack F. Eck, Appellees.**

Superior Court of Pennsylvania.

Argued Sept. 22, 1976.

Decided April 19, 1977.

John P. Yatsko, Norristown, for appellant.

William B. Koch, Norristown, for appellees.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

This is an appeal from the refusal of the lower court to take off a nonsuit in an auto accident case. The suit arose out of an intersection accident. The appellant was operating a motor vehicle in a northerly direction on Buttonwood Street in the Borough of Norristown and was struck by an off-duty fire truck traveling in a westerly direction on Airy Street.

The intersection is controlled by a traffic signal which was red as appellant approached it. He stopped and waited until the light turned green, looked for approaching cars on Airy Street and then started slowly across the intersection. Appellant testified that his vision at the intersection was somewhat obstructed by buildings which sat back about 5 feet from the intersection and by some cars parked along the south side of Airy Street. Consequently, he proceeded slowly, intending to go straight ahead. Appellant admitted that once he started across the intersection he no longer looked for cars on Airy Street but simply proceeded across the intersection. At about three-quarters through the intersection he was struck by appellees' truck and sustained serious injury. The appellee testified that the light was green turning to yellow as he approached the intersection. An investigating police officer testified that the fire truck laid down some 70 feet of skid marks before impacting with appellant's vehicle, suggesting that the driver may have been trying to beat the light.

At the conclusion of appellant's case, the trial court ordered a nonsuit on the ground that appellant had been guilty of contributory negligence in not continuing to look for oncoming traffic on Airy Street once he entered the intersection. A post-trial motion to remove the nonsuit was

argued before the court en banc and denied. The present appeal followed.

The order of the court en banc denying the motion to remove the nonsuit must be reversed. A motorist entering an intersection with a green light in his favor has a right to assume that those on intersecting streets will obey the law. He does not have an affirmative duty, as a matter of law, to continue looking after entering an intersection. Whether he was negligent in not continuing to look for oncoming traffic on the intersecting street is at most a question of fact for the jury. This was squarely ruled in *Zumbo v. Ellis*, 232 Pa.Super. 566, 568, 334 A.2d 770 (1975) and *Jordan v. Kennedy*, 180 Pa.Super. 593, 596–8, 119 A.2d 679 (1956). We held in *Zumbo*, 232 Pa.Super. p. 568, 334 A.2d p. 771, in reversing a compulsory nonsuit:

> "An operator of a vehicle at a controlled intersection is not negligent as a matter of law, if absent any warnings to the contrary, he relies on another operator's obligation to observe the traffic controls."

We made a similar ruling in *Jordan* in reversing a judgment n. o. v. after a verdict for damages arising out of an intersection collision, 180 Pa.Super. pp. 593–598, 119 A.2d pp. 680–681:

> "We think the question of contributory negligence was for the jury.

> "The court should enter judgment n. o. v. only where the evidence, read in the light most favorable to the prevailing party, so clearly shows contributory negligence that reasonable minds cannot differ as to its existence. *Brown v. McNamara*, 160 Pa.Super. 206, 207, 50 A.2d 748 (1947); *Reidinger v. Lewis Jones, Inc.*, 353 Pa. 298, 45 A.2d 3 (1946).

> "If the light was green for Kennedy it was red for Jordan, and Kennedy had the right to assume Jordan would not violate the law by driving into the intersection with the red light against him . . . Acting upon the assumption that Jordan would stop for the red light was not negligence . . . One is not required to anticipate

and guard against the want of ordinary care on the part of another . . . (180 Pa.Super. p. 596, 119 A.2d p. 681)

"Although one approaching a street intersection must always be vigilant, he cannot be held to the same high degree of care at an intersection with a traffic light giving him the right of way as at an intersection where there is nothing to regulate the right of way. He need not approach an intersection with a green traffic light quite so slowly, nor look so continuously for approaching traffic, first because he has a right to assume traffic on the intersecting street will stop for the red light and secondly because he must divide his attention between approaching traffic and the light.

"It is our opinion that the learned lower court attempted to hold Kennedy to the exact degree of care that would have been required of him had there been no light in his favor at the intersection." (180. Pa.Super. p. 597, 119 A.2d p. 681)

In the light of these rulings, it cannot be held that appellant was negligent as a matter of law in proceeding across the intersection as he did. If he was negligent, this must be determined by a jury as a question of fact. The order of the court refusing to lift the nonsuit is reversed.

PRICE, J., files a dissenting opinion.

PRICE, Judge, dissenting:

The majority holds that "[a] motorist entering an intersection with a green light in his favor . . . does not have an affirmative duty as a matter of law, to continue looking after entering an intersection." [247 Pa.Super. at 923, 372 A.2d at 923] I disagree with that statement. More importantly, I believe that a driver entering an intersection has a duty to continue attempting to look *until he can see.* Appellant's uncontradicted testimony reveals that he did not discharge his duty in this case. Therefore, I would affirm the lower court's grant of a compulsory nonsuit.

Buttonwood and Airy Streets are intersecting arteries in Norristown, Pennsylvania. Buttonwood Street can accom-

modate two lanes of traffic, one northbound and one south-bound. Airy Street is four lanes wide; however, because the outside lanes are usually occupied by parked automo-biles, only two lanes of traffic can travel on it. Airy Street is restricted to westbound traffic.

On the morning of August 1, 1972, appellant Esco Imes was operating his 1966 Chevrolet automobile north on But-tonwood Street. He stopped for the traffic light which controls the intersection of Buttonwood and Airy Streets. While appellant waited for the traffic signal, he looked to his right for traffic approaching on Airy Street from the east. Appellant's view was obscured by the automobiles parked near to the intersection. When the light changed, appellant again looked to his right. His vision was still obscured by parked automobiles. Appellant proceeded into the intersection, and his automobile was struck by appellee's truck, which was travelling in the right-hand lane of Airy Street. Thus, the collision occurred in the north-east qua-drant of the intersection.

On cross-examination, appellant testified that he did not attempt to look again for traffic on Airy Street because he did not have a chance to do so. Thus, the evidence indisput-ably reveals that appellant never attempted to look for traffic from a point at which he could see.

It is well settled that the driver of a vehicle approaching an intersection must exercise a high degree of care to ascertain that his projected path is free from peril. The duty is to act as a reasonably prudent man under the circumstances. *Martin v. Hoffman*, 365 Pa. 364, 75 A.2d 529 (1950). The degree of care expected of a reasonably prudent man at an intersection controlled by a traffic signal is less than that required at an uncontrolled intersection, because a driver has the right to expect other drivers to obey the laws. *Koehler v. Schwartz*, 382 Pa. 352, 115 A.2d 155 (1955); *Jordan v. Kennedy*, 180 Pa.Super. 593, 119 A.2d 679 (1956). However, a driver may not proceed in blind reliance on a favorable traffic signal, for his duty of care at a controlled intersection remains high. *Lewis v. Quinn*, 376 Pa. 109, 101

A.2d 382 (1954); *Scull v. Epstein,* 167 Pa.Super. 575, 76 A.2d 245 (1950).

> "[A] motorist who has the green light must observe the condition at the intersection *at the time he enters it* to be reasonably assured that his journey will be safe. But his duty to observe conditions continues, and the failure to do so is fatal to recovery if . . . '[t]he record is barren of any testimony as to whether he continued to look as he proceeded *through the intersection."* *Smith v. United News Co.,* 413 Pa. 243, 247, 196 A.2d 302, 305 (1964) (emphasis in original), *quoting, Perpetua v. Philadelphia Transp. Co.,* 380 Pa. 561, 563, 112 A.2d 337, 338 (1955).

The operator of an automobile is required to continue looking as he crosses an intersecting street, and he is contributorily negligent as a matter of law if he fails to continue looking. *Jaski v. West Park Daily Cleaners and Dryers, Inc.,* 334 Pa. 12, 5 A.2d 105 (1939); *Shapiro v. Grabosky,* 320 Pa. 556, 184 A. 83 (1936); *Byrne v. Schultz,* 306 Pa. 427, 160 A. 125 (1932); *Spear & Co. v. Altmyer,* 124 Pa.Super. 9, 187 A. 309 (1936); *Gooden v. Allan C. Hale, Inc.,* 116 Pa.Super. 335, 176 A. 855 (1935). *But see Galvin v. Einwechter,* 187 Pa.Super. 120, 144 A.2d 471 (1958); *compare Maiden v. Philadelphia Transp. Co.,* 163 Pa.Super. 189, 60 A.2d 409 (1948), *with Sommer v. Blacka,* 153 Pa.Super. 643, 34 A.2d 830 (1943).

Of course, a driver need not continuously swivel his head. *Ridley v. Boyer,* 426 Pa. 28, 231 A.2d 307 (1967); *Burish v. Digon,* 416 Pa. 486, 206 A.2d 497 (1965). However, I believe that he must at least continue to attempt to look until he can see that his path is clear of danger. *See Burish v. Digon, supra; Fowler v. Smith,* 217 Pa.Super. 244, 269 A.2d 340 (1970). The evidence in this case conclusively proves that appellant did not continue looking as he proceeded into the intersection, even though he could not see that his route was safe. This is contributory negligence as a matter of law.

I would affirm the order of the lower court.