J-A04024-24

2024 PA Super 235

| | | |
|---|---|---|
| GIOVANNA AND ROBERT DAILEY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RONALD SMITH AND DAISY VAI | : | |
| _____ | : | |
| RONALD SMITH | : | No. 3177 EDA 2022 |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAISY VAI | : | |
| | : | |
| APPEAL OF: DAISY VAI | : | |

Appeal from the Judgment Entered March 17, 2023
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 200300722,
210300226

| | | |
|---|---|---|
| RONALD SMITH | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAISY VAI | : | |
| | : | |
| Appellant | : | No. 867 EDA 2023 |

Appeal from the Judgment Entered March 17, 2023
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 200300722

BEFORE: STABILE, J., McLAUGHLIN, J., and COLINS, J.[*]

_____

[*] Retired Senior Judge assigned to the Superior Court.

OPINION BY COLINS, J.:                    **FILED OCTOBER 10, 2024**

Appellant Daisy Vai appeals from the judgment entered against her and in favor of plaintiff Ronald Smith by the Court of Common Pleas of Philadelphia County in a personal injury automobile accident case following a jury trial. Because we conclude that the trial court erred in not submitting the issue of comparative negligence to the jury, we vacate the judgment and remand for a new trial.

This action arose out of a March 20, 2019 two-car accident at the intersection of Broad and Reed Streets in Philadelphia, Pennsylvania. The accident occurred when defendant Vai, who was traveling northbound on Broad Street, made a left turn while Smith was driving southbound on Broad Street and Smith's car collided with Vai's car. N.T. Trial, 10/17/22, at 66-67, 136-37, 139-40, 154, 166-70; N.T. Trial, 10/18/22, at 24-25; N.T. Trial, 10/19/22, at 20. Smith filed suit against Vai seeking damages for injuries that he suffered in the accident.

The action was tried to a jury from October 17 to 20, 2022.[1] At trial, Smith testified that that Vai made a left turn in front of him when he was almost in the intersection and that he slammed on his brakes but was unable

_____

[1] Another action for injuries from the same accident, **Dailey v. Smith**, No. 210300226 (C.P. Philadelphia), was brought by one of Smith's passengers, Giovanna Dailey, and her husband against Vai and Smith, and was consolidated and tried with this action. The claims in the **Dailey** action have been resolved and are not at issue in this appeal.

- 2 -

to stop and collided with Vai's car. N.T. Trial, 10/17/22, at 166-70, 193. Smith admitted in both his opening statement and his testimony that he was driving 30 to 35 miles per hour and that the speed limit was 25 miles per hour. *Id.* at 20-21, 25-26, 171, 191-92. Vai testified that she believed when she started her turn that she could make the turn safely and that she did not see Smith's car until she began her turn. *Id.* at 136-37, 142-43, 147, 149-54.

At the close of the evidence, Smith moved for a directed verdict that Vai was negligent and that her negligence had caused his injuries, and Vai moved for a directed verdict that Smith had been negligent in speeding and that his negligence was a cause of the accident. N.T. Trial, 10/19/22, at 27-35. The trial court granted Smith's motion, denied Vai's motion, and ruled that Vai could not present the question of Smith's comparative negligence to the jury. *Id.* at 31-32, 35-38, 44, 46. The trial court charged the jury only with determining the extent of damages. N.T. Trial, 10/20/22, at 16-23.

The jury awarded $285,000 to Smith. N.T. Trial, 10/20/22, at 33-40. Vai filed a timely post-trial motion seeking, *inter alia*, a new trial on the ground that the trial court erred in granting Smith's motion for a directed verdict and in not submitting the issue of Smith's comparative negligence to the jury. Smith filed a post-trial motion seeking an additional award of stipulated past medical expenses and a motion for delay damages. The trial court denied Vai's post-trial motion and granted Smith's post-trial motion and delay damages motion, molding the verdict to add $8,000 in economic damages and

$19,545.92 delay damages. Trial Court Orders, 11/22/22. Judgment was entered in favor of Smith and against Vai in the amount of $304,545.92 on March 17, 2023. This timely appeal followed.

Vai argues in this appeal that the trial court erred in granting Smith's motion for a directed verdict and in not submitting the issue of Smith's comparative negligence to the jury and that a new trial is therefore required. We agree.

For comparative negligence of a plaintiff to be submitted to the jury, there must be evidence from which the jury could find both that the plaintiff was negligent and that his negligence caused the injuries for which he seeks damages. *Zimmerman v. Alexander Andrew, Inc.*, 189 A.3d 447, 458 (Pa. Super. 2018); *Angelo v. Diamontoni*, 871 A.2d 1276, 1280 (Pa. Super. 2005). Where there is sufficient evidence for a jury to find both of these elements, the issue of the plaintiff's negligence must be submitted to the jury, no matter how strong or persuasive the countervailing evidence is, and failure to do so is reversible error. *Zieber v. Bogert*, 747 A.2d 905, 908-09 (Pa. Super. 2000), *aff'd*, 773 A.2d 758 (Pa. 2001); *McCullough v. Monroeville Home Association, Post 820, Inc.*, 411 A.2d 794, 795-96 (Pa. Super. 1979)

In considering whether a trial court properly refused to submit an issue to the jury, we must view the record in the light most favorable to the party who sought to submit that issue to the jury. *Hall v. Episcopal Long Term Care*, 54 A.3d 381, 396-97 (Pa. Super. 2012); *International Diamond*

*Importers, Ltd. v. Singularity Clark, L.P.*, 40 A.3d 1261, 1268-74 (Pa. Super. 2012).   Viewing the evidence at trial in the light most favorable to Vai, there was sufficient evidence for the jury to find both that Smith was negligent and that his negligence was a cause of the accident and the injuries that he suffered in the accident.

As noted above, Smith admitted that the speed limit was 25 miles per hour and that he was driving at a speed of 30 to 35 miles per hour.   N.T. Trial, 10/17/22, at 20-21, 25-26, 171, 191-92.   That was sufficient for the jury to find that he was negligent.  *Reid v. Oxendine*, 419 A.2d 36, 39 (Pa. Super. 1980); *Sodders v. Fry*, 32 A.3d 882, 887 (Pa. Cmwlth. 2011); *Lahr v. City of York*, 972 A.2d 41, 50-51 (Pa. Cmwlth. 2009).   Indeed, these admissions established as a matter of law that Smith was negligent and required the trial court to instruct the jury that it must find Smith negligent.  *Sodders*, 32 A.3d at 887-88; *Lahr*, 972 A.2d at 50-51.

The evidence was also sufficient for the jury to find that Smith's negligence was causal.   Vai did not introduce any expert testimony that Smith's negligence contributed to the accident.   This, however, did not preclude the jury from finding that Smith's speeding was a cause of the accident and his damages.  Causation of automobile accidents is not generally a subject beyond the knowledge of ordinary jurors that requires expert testimony.  *Vrabel v. Commonwealth*, 844 A.2d 595, 598-99 (Pa. Cmwlth. 2004) (holding that "because the use of motor vehicles is so common, courts

do not restrict testimony about the operation of motor vehicles to expert witnesses" and that plaintiff was not required to introduce expert testimony to prove causation of truck accident). Smith, who bore the burden of proving that Vai's negligence caused the accident, likewise did not introduce any expert testimony concerning the cause of the collision.

As noted above, Vai testified that she believed that she had enough space and time to make the turn safely. N.T. Trial, 10/17/22, at 137, 147, 152-54. Speed of an oncoming car obviously affects whether there is sufficient time and space to make a turn across a lane. Although Smith testified that he was only one or two car lengths away when Vai turned across his lane, *id.* at 169, Vai testified that she did not see him before she began her turn. *Id.* at 136, 142-43, 149-51, 154. Which version of these events was to be believed was for the jury to determine. In addition, both Vai and Smith testified that Smith struck Vai's car hard and with sufficient force to push it into a parking lot. *Id.* at 147-48, 154, 168, 170, 211-12. The speed of a vehicle that hits another vehicle clearly affects the force of the collision.

Given this evidence, a jury could reasonably conclude without expert testimony that Smith's driving 20 to 40 percent faster than the speed limit affected Vai's ability to see him in time and to judge her ability to make the left turn and therefore was one of the causes of the accident. A jury could also conclude that Smith's speeding contributed to the force of the accident and was therefore a cause of his injuries. In fact, this Court has held that in

an accident of this very type, lay testimony that the oncoming car was speeding and that the turning driver did not see the oncoming car when he began his turn was sufficient for the jury to find the oncoming driver liable for negligence. *Reid*, 419 A.2d at 39.

Because the evidence showed as a matter of law that Smith was negligent and there was sufficient evidence for the jury to find that his negligence was a cause of the accident and of his damages, the trial court erred in granting Smith's motion for a directed verdict and taking the issue of Smith's contributory negligence from the jury. A new trial is therefore required. *Zieber*, 747 A.2d at 908-09; *McCullough*, 411 A.2d at 795-96. Smith argues that this new trial should be limited to the question of Smith's comparative negligence. We do not agree.

A new trial may properly be limited to the apportionment of causal negligence where there is no error in the jury's determination concerning the plaintiff's negligence or damages and the only issue is apportionment of liability between defendants. *Rivera v. Philadelphia Theological Seminary*, 507 A.2d 1, 11-14 (Pa. 1986). Here, however, the error involves the plaintiff's negligence, not mere apportionment among defendants. Smith's comparative negligence is a defense to liability, both as a reduction of liability and a complete defense, if the jury were to find that Smith's causal negligence was greater than Vai's causal negligence. 42 Pa.C.S. § 7102(a). A new trial on liability is therefore necessary.

Although Smith's comparative negligence is a distinct question from the amount of damages that he sustained from the accident, we cannot say that a new trial can be limited to liability. A new trial can be limited to a specific issue only where the issue as to which the error occurred is not intertwined with the other questions determined by the jury. **Mader v. Duquesne Light Co.**, 241 A.3d 600, 614 (Pa. 2020); **Banohashim v. R.S. Enterprises, LLC**, 77 A.3d 14, 23 (Pa. Super. 2013). Determination of the causal effect of Smith's speeding, which the jury was incorrectly denied the opportunity to consider, is intertwined with the issue of damages, as it requires consideration of whether and the degree to which Smith's speed contributed to the injuries for which he claimed damages. Indeed, this Court has held that where the plaintiff's comparative negligence is a critical issue in the case and the jury has not made a proper determination of comparative negligence, a new trial cannot be limited and must include both liability and damages. **Banohashim**, 77 A.3d at 23-27 (new trial could not be limited to damages where instructions on comparative negligence were inadequate); **Oblon v. The Ludlow-Fourth Corp.**, 595 A.2d 62, 67 (Pa. Super. 1991) (new trial could not be limited to plaintiff's comparative negligence and was required on all issues because determination of plaintiff's causal negligence was intertwined with defendants' negligence and jury decisions on percentages of causal negligence could affect damages decision).

For the foregoing reasons, the trial court erred in granting Smith's motion for a directed verdict and in not submitting the issue of Smith's comparative negligence to the jury. We therefore vacate the judgment entered in favor of Smith and remand this case to the trial court for a new trial on liability and damages at which the issue of Smith's comparative negligence is to be submitted to the jury.

Judgment vacated. Case remanded for new trial. Jurisdiction relinquished.

Judge Stabile joins the opinion.

Judge McLaughlin files a dissenting opinion.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/10/2024