J-A04024-24

2024 PA Super 235

| | | |
|---|---|---|
| GIOVANNA AND ROBERT DAILEY | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RONALD SMITH AND DAISY VAI | : | |
| _____ | : | |
| RONALD SMITH | : | No. 3177 EDA 2022 |
| | : | |
| v. | : | |
| | : | |
| DAISY VAI | : | |
| | : | |
| APPEAL OF: DAISY VAI | : | |

Appeal from the Judgment Entered March 17, 2023
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  200300722,
210300226

| | | |
|---|---|---|
| RONALD SMITH | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DAISY VAI | : | |
| | : | |
| Appellant | : | No. 867 EDA 2023 |

Appeal from the Judgment Entered March 17, 2023
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  200300722

BEFORE:   STABILE, J., McLAUGHLIN, J., and COLINS, J.[*]

_____

[*] Retired Senior Judge assigned to the Superior Court.

DISSENTING OPINION BY McLAUGHLIN, J.:     **FILED OCTOBER 10, 2024**

I respectfully disagree that there was any evidence that Ronald Smith's exceeding the speed limit by five to 10 miles per hour contributed to this car accident. Accordingly, I would affirm the trial court's grant of Smith's motion for a directed verdict[1] and its denial of Daisy Vai's request to submit the issue of comparative negligence to the jury. I therefore dissent.

To make a plaintiff's contributory negligence a triable issue, a defendant must introduce evidence that the plaintiff's negligence was a proximate cause of his own injury, *i.e.*, a substantial factual cause. *See Angelo v. Diamontoni*, 871 A.2d 1276, 1280 (Pa.Super. 2005); *Zieber v. Bogert*, 747 A.2d 905, 908 (Pa.Super. 2000). A party's negligent conduct is not a proximate cause of another's injury if the injury would have occurred even if the party had not been negligent. Restatement (Second) of Torts (1965) § 432(1).[2]

Evidence of causation is required even where a party was negligent *per se*. *Lux v. Gerald E. Ort Trucking, Inc.*, 887 A.2d 1281, 1288 (Pa.Super. 2005); *see also Cabiroy v. Scipione*, 767 A.2d 1078, 1079 (Pa.Super. 2001)

_____

[1] The court granted Smith's motion for a directed verdict on whether Vai was negligent and whether her negligence had caused Smith's injuries. *See* N.T., 10/19/22, at 29-30, 32. The court also denied Vai's motion for a directed verdict on whether Smith had been negligent, for speeding, and whether that negligence had been a contributing cause to the accident. *Id.* at 30, 35. The court denied the motion due to the lack of evidence of causation. *Id.* at 37-38.

[2] *See Simon v. Hudson Coal Co.*, 38 A.2d 259, 260 (Pa. 1944) (adopting Section 432).

("The doctrine of negligence *per se* does no more than satisfy a plaintiff's burden of establishing a defendant's negligence. It does not end the inquiry. The plaintiff still bears the burden of establishing causation"). In other words, it is not enough for a defendant to assert that the plaintiff violated the law. There must also be evidence that the harm would not have occurred absent the plaintiff's violation.

Here, as the majority observes, Smith's exceeding the posted speed limit was negligence *per se*. Majority Opinion at 5. Although Smith testified that he was traveling at the rate of traffic, his failure to adhere to the legal speed limit establishes as a matter of law that he breached a duty of care. However, this legal fact did not relieve Vai of adducing evidence that Smith's negligence contributed to causing the accident. **See Lux**, 887 A.2d at 1288. Yet Vai provided no evidence – expert or otherwise – that the accident would not have happened if Smith had been driving within the posted speed limit.

The majority relies on the fact that "Vai testified that she believed when she started her turn that she could make the turn safely and that she did not see Smith's car until she began her turn." Majority at 3; **see also id.** at 6. Because the "[s]peed of an oncoming car obviously affects whether there is sufficient time and space to make a turn across a lane," the majority finds Vai's testimony sufficient evidence for a jury to conclude that "Smith's driving 20 to 40 percent faster than the speed limit affected Vai's ability to see him in time and to judge her ability to make the left turn and therefore was one of the causes of the accident." Majority at 6. I disagree.

First, while Vai did testify that she did not see Smith's vehicle approaching before she started to turn, she did not testify that she could not have seen it because it was still far away when she began to turn. Nor did she say that the accident occurred because Smith approached the intersection too quickly for her to judge the situation accurately.[3] Instead, Vai testified that while on the northbound side of the street, she stopped at a redlight and saw an SUV that had stopped in the inner lane of the southbound traffic, with its turn signal on, "trying to park or do whatever[.]" N.T., 10/17/22, at 141, 154. Vai also saw vehicles approaching from five to 10 feet behind the SUV. *Id.* at 142. Vai nevertheless began to turn, and was already in the intersection, when she saw Smith's vehicle switch lanes to go around the stopped SUV. *Id.* at 142-44, 151, 154.

Therefore, Vai did not testify that "the coast was clear," when she began her turn, and that it was Smith's excessive speed that prevented her from estimating the time she needed to cross the opposing lanes of traffic. Rather, she admitted that she saw traffic still approaching the intersection in the inner lane. Additionally, Vai did not testify as to how much of the outer lane of southbound traffic was in her view when she began her turn, if any,

---

[3] Notably, Vai, who was stopped at a red light, conceded that she was required to yield to any oncoming traffic before making a turn. Smith, who had the green light, had no duty to avoid Vai after he entered the intersection. *See Andrews v. Long*, 228 A.2d 760, 761 (Pa. 1967); *Imes v. Empire Hook & Ladder Co.*, 372 A.2d 922, 923 (Pa.Super. 1977) (*en banc*).

considering she saw an SUV and the approaching traffic in the inner lane.[4] In sum, Vai testified that she did not initially see Smith because he was in the inner lane and decided to change lanes at the same time Vai began to turn – not because he had been speeding.[5]

Second, even if we disregard Vai's testimony that there was an SUV potentially blocking her view, and oncoming traffic when she made her turn, and further assume that Vai did not see any southbound traffic – as the jury was free to reject any portion of the testimony – there was still no evidence for the jury to conclude that, had Smith been travelling 25 miles per hour rather than 30 to 35 miles per hour, the accident would not have occurred. There was no testimony regarding the size of the street, the intersection, or the extent of either driver's field of vision. There was no testimony as to how long it would have taken Vai to traverse the intersection, had the collision not occurred. There was no testimony as to how the additional five to 10 miles per hour affected the time it would have taken Smith to travel the distance between the two vehicles, once they became visible to each other, the reaction times involved, or the distance required to stop at either driver's speed.

_____

[4] *See Halbach v. Robinson Bros.*, 98 A.2d 750, 751 (Pa.Super. 1953) (rejecting argument that driver turning left was contributorily negligent as a matter of law where fog prevented her from seeing more than 250 feet or seeing oncoming truck traveling 30 to 35 miles per hour in a 15 mile-per-hour school zone).

[5] Vai argued only that the jury should find Smith contributed to causing the accident by violating the speed limit – not by changing lanes.

The majority points to **Reid v. Oxendine**, 419 A.2d 36 (Pa.Super. 1980), as "an accident of this very type." Majority at 6. I respectfully do not find **Reid** dispositive here. In **Reid**, the driver of the turning car, who was the plaintiff, testified that before making his turn, "he looked up the highway, saw that the road was clear, started his turn, looked again, and then drove across the southbound lanes[.]" 419 A.2d at 37. He testified that he could see approximately 300 to 550 feet up the road and that no vehicles were approaching when he started to turn. **Id.** at 37-38. He testified that the defendant, who had been driving in the outer lane of opposing traffic, left 75-feet long skid marks before colliding with his vehicle. **Id.** Another witness confirmed the defendant had been speeding. **Id.** at 38. We found this was sufficient evidence for the jury to conclude the defendant's negligence had caused the accident. **Id.** at 39.

Thus, in **Reid**, there were facts in evidence supporting a conclusion that if the defendant had not been driving at such an excessive speed, the plaintiff would have seen the defendant and would not have turned, or the defendant would have been able to stop within the relevant distance to the intersection. We did not rely on his technical violation of the speed limit, alone, to supply the evidence of causation.

Here, unlike in **Reid**, Vai did not testify that she could see up the street and that it was clear. She testified that there was traffic approaching the intersection. The only evidence of the distance between the two cars was that they were only two car-lengths away from each other when Vai turned into

the intersection. *See* N.T., 10/17/22, at 169; N.T., 10/18/22, at 25. Vai put on no testimony to enable a jury to conclude that if Smith's car had been going 25 miles per hour in this scenario the vehicles would have avoided each other. This record simply does not contain enough data to conclude the accident would not have occurred if Smith had been driving the speed limit.

The majority further observes that "[t]he speed of a vehicle that hits another vehicle clearly affects the force of the collision." Majority Op. at 6. It finds Vai's testimony that the force of the collision pushed her car off the street sufficient for the jury to conclude "that Smith's speeding contributed to the force of the accident and was therefore a cause of his injuries." *Id.*

Again, Vai put on no testimony regarding the degree to which Smith injuries would have been mitigated if the vehicles had collided with Smith traveling 25 miles per hour, rather than 35 miles per hour. It is not for an appellate court to assume facts Vai failed to put in evidence. I respectfully dissent.